GEORGE POMEROY v. WHITE LAKE LUMBER COMPANY.

[FILED JANUARY 28, 1890.*]

**Mechanics' Liens:** FORECLOSURE: PETITION: AMENDMENT.
In an action to foreclose a mechanic's lien for material furnished
the contractor in the erection of a building, the petition was
drawn as though the contract had been made with the owner of
the building instead of the contractor. A general demurrer to
the petition, on behalf of the owner, having been overruled, he
then filed an answer, and the case was tried upon the merits, and
judgment rendered against the owner for the value of the ma-
terials. *Held*, That while the petition was informal and defective
in its statements as to the acts of the contractor, yet to be
available, the party demurring should have stood upon his de-
murrer, and having answered and contested the case upon the
merits, and the judgment apparently being right, the court, if
necessary, will permit the petition to be amended to conform to
the proof.

ERROR to the district court for Franklin county. Tried
below before GASLIN, J.

*G. R. Chaney* (*C. E. Davis* with him), for plaintiff in
error, cited: *Foster v. Dohle*, 17 Neb., 631; *Marrener v.*
*Paxton*, Id., 634; *McCormick v. Lawton*, 3 Id., 449;
*Meyers v. Le Poidevin*, 9 Id., 536; *Lawton v. Case*, 73
Ind., 60; *Simpson v. Dalrymple*, 11 Cush. [Mass.], 308;
*Willard v. Magoon*, 30 Mich., 273; *Clark v. Schatz*, 24
Minn., 303; *Wilcox v. Kieth*, 3 Ore., 372; *Carey v. Win-*
*tersteen*, 60 Pa. St., 395; *Davis v. Alvord*, 94 U. S., 545;
Phillips, Mechanics' Liens [2d Ed.], secs. 18, 338, 387,
403, 428.

*J. L. Edwards, contra.*

---

* Withheld, according to instructions, until determination of the
cause on rehearing.

MAXWELL, J.

This is an action to foreclose a mechanic's lien, and on the trial of the cause judgment of foreclosure and sale was rendered.

A number of errors are assigned, which will be noticed in their order.

It is claimed that the petition is insufficient. It is as follows:

"The plaintiff is a corporation, duly organized as such under and by virtue of the laws of the state of Illinois, and its principal place of business is at Chicago, Illinois, and is doing business in the state of Nebraska. Plaintiff complains of the defendant for that on or about the 10th day of October, 1887, the plaintiff entered into a verbal contract with defendant, A. C. Winan, to furnish him lumber, windows, doors, lath, lime, hair, brick, and other materials for the erection of a dwelling house for defendant, George Pomeroy, on the following described real estate, to-wit: the S. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$, and the N. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$, and the S. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of section 30, town (1) one, range (13) thirteen, in Franklin county, Nebraska.

"In pursuance of said verbal contract the plaintiff furnished said materials to the said defendant A. C. Winan, for the erection of said house, on and between October 10, 1887, and December 23, 1887, for the sum of $394.57 in the aggregate, an itemized bill of said materials and the prices of the same is hereto attached, marked 'Exhibit A,' and made a part of this petition.

"The defendant George Pomeroy, at the time the plaintiff furnished said materials as aforesaid, was the owner in fee of said real estate.

"On the 7th day of February, A. D. 1888, and within sixty days from the time of furnishing said materials, the plaintiff made an account in writing of the items of such materials furnished the defendant Winan, under said con-

19

tract, and after making oath thereto as required by law, filed the same in the clerk's office of Franklin county, Nebraska, and claiming a mechanic's lien therefor upon said real estate and said building thereon. The sum of $293.97, with interest from December 22, 1887, and $1 recording fee of said lien, now remain due and unpaid on said account."

In "Exhibit A," the account attached to the petition and made a part of it, A. C. Winan is described as "contractor for George Pomeroy." A general demurrer was filed by Pomeroy to the petition, which was overruled. Pomeroy then filed an answer denying the facts stated in the petition.

It will be observed that the petition is drawn as though Pomeroy was the party with whom the contract had been made, instead of the person for whom Winan was erecting the house, and had the plaintiff in error relied upon his demurrer and not filed an answer and contested the case upon the merits, it is probable that the petition standing alone would have been insufficient. The proof, however, clearly shows that Winan was a contractor and erected the house in dispute for Pomeroy, and that the material was furnished by the defendant in error for the erection of said building, and that the judgment is not excessive. Such being the case, we would, if necessary, permit an amendment of the petition in this court in conformity to the proof, but such amendment will not be required unless insisted upon by the plaintiff in error, and will be without costs. The judgment is conformable to the proof and justice of the case, and is

AFFIRMED.

THE other judges concur.