CENTRAL LOAN & TRUST COMPANY, APPELLANT, V. MARY O'SULLIVAN ET AL., APPELLEES.

FILED APRIL 16, 1895.   No. 6180.

1. **Mechanics' Liens:** HUSBAND AND WIFE: SEPARATE CON-TRACTS: CLAIM FOR LIEN: EVIDENCE. A material-man claimed a lien against the real estate of a married woman for material which he alleged he had furnished for the erection of improvements on said real estate in pursuance of an oral contract with the woman's husband. The items of material for which a lien was claimed were furnished as follows: 1890, February 11, 17; March 3, 6, 8, 17, 19, 22, 25, 26, 31; April 3, 10, 29; May 10, 20, 27; August 20; September 6, 16. *Held,* (1) That the evidence justified the finding of the district court that the items of material furnished between February 11 and May 27 were furnished under and in pursuance of one contract; and that the material furnished from August 20 to September 16 was furnished in pursuance of a separate and independent contract; (2) that the material-man, by filing in the office of the register of deeds of the county where the real estate was situate a verified account of the items of all this material within four months

after September 16, did not thereby acquire a lien against the
wife's real estate for any of the material furnished prior to August
20; (3) that the evidence sustained the finding of the district
court that the items of material furnished on and after August
20 were sold and furnished by the material-man to the husband
individually, and not as agent of his wife, nor on the faith and
credit of her real estate.

2. ———: CONSTRUCTION OF STATUTE: CONTRACTS: TACKING.
The mechanics' lien law of the state should not be so construed
as to enable a material-man to tack one contract to another and
procure a lien for all the material furnished under all the con-
tracts by filing in the office of the register of deeds an itemized
account of such material within four months of the date of fur-
nishing the last item of material furnished in pursuance of the
last contract.

APPEAL from the district court of Hall county. Heard
below before HARRISON, J.

*Abbott & Caldwell,* for appellant, cited: *Bradford v.
Peterson,* 30 Neb., 98; *Howell v. Hathaway,* 28 Neb.,
807; *Scales v. Paine,* 13 Neb., 521; *McCormick v. Law-
ton,* 3 Neb., 449; *Studebaker v. McCargur,* 20 Neb., 500;
*Webb v. Hoselton,* 4 Neb., 308; *Kuhns v. Bankes,* 15
Neb., 92.

*Charles G. Ryan, contra,* cited: *Baker v. Wiswell,* 17
Neb., 52; *Goodman v. White,* 26 Conn., 317; *Ritter v.
Stevenson,* 7 Cal., 388; *Donahy v. Clapp,* 12 Cush. [Mass.],
440; *Rogers v. Dickey,* 6 Ill., 636; *St. John v. Hall,* 41
Conn., 522; *Ballou v. Black,* 17 Neb., 396; *Dearie v.
Martin,* 78 Pa. St., 55; *Wendt v. Martin,* 89 Ill., 139;
*Bradford v. Higgins,* 31 Neb., 196.

RAGAN, C.

The Central Loan & Trust Company brought this suit
in the equity side of the district court of Hall county to
foreclose a mortgage upon certain real estate situate in said
county. The mortgage was executed by Mary O'Sullivan

and Michael O'Sullivan, her husband, who were made de-
fendants to the action.   One Spooner R. Howell was also
made a defendant to the action, for the reason that he had
of record in the office of the register of deeds in said
county a verified account of items of certain material which
he alleged he had furnished to the O'Sullivans for the erec-
tion of improvements upon the real estate covered by the
mortgage, and on which real estate he claimed a lien.
Howell appeared in the case and filed a disclaimer, and
also set out that he had assigned his "lien" to the First
National Bank of Chicago, Illinois.   This bank was made
a defendant to the action, and filed its answer in the nature
of a cross-petition, as the assignee of Howell, and claimed
a lien against the real estate, the title to the property being
in the said Mary O'Sullivan.   There were several other
parties to the action, but as the only question litigated in
the court below was whether said bank was entitled to a
mechanic's lien upon the real estate, the connection of other
parties to the suit will not be further noticed.   The district
court found and decreed that the bank had no lien upon
the real estate and dismissed its cross-petition, from which
decree it has appealed.

1. The items of material which Howell alleges he fur-
nished to the O'Sullivans, and for the value of which he
claims a lien upon the real estate, appear, by the verified ac-
count of items filed for the purpose of obtaining a lien, to
have been furnished as follows: 1890, February 11, 17;
March 3, 6, 8, 17, 19, 22, 25, 26, 31; April 3, 10, 29; May
10, 20, 27; August 20; September 6, 16.   The total amount
claimed was $143.94; and Howell's contention is that all
these items of material were furnished in pursuance of one
contract made with Michael O'Sullivan at or about the 11th
of February, 1890.   The evidence shows that on the 11th
of February, 1890, and at all times since then and before
that time, Mrs. O'Sullivan was the owner of the real estate
in controversy; that Michael O'Sullivan was her husband;

that on that date, prior to that time and until some time. prior to the July following, O'Sullivan and his wife resided in the village of Wood River on property there owned by the husband; that the real estate in controversy was a farm some miles distant in the country from the village of Wood River; that about the 11th of February, 1890, Howell's agent made a verbal contract with O'Sullivan, the husband, to furnish him certain material, and that in pursuance of that contract Howell furnished to O'Sullivan, the husband, the items of material from February 11 to May 27, both inclusive; that part of this material was used by Michael O'Sullivan, the husband, in making improvements on the farm of the wife in the country; that Howell had no contract or conversation whatever with Mrs. O'Sullivan in reference to this material; that Howell did not know, at the time of furnishing any of this material between the dates of February 11 and May 27, that Mrs. O'Sullivan was the owner of the farm; that Howell did not extend this credit on the faith and strength of Mrs. O'Sullivan being the owner of this farm. About the 27th of May an accounting was had between Howell and O'Sullivan, the husband, and on that date O'Sullivan, the husband, gave his note to Howell for the amount due him for all material furnished to him up to that time, and O'Sullivan's account was "squared." We reach the conclusion, then, that all the material furnished by Howell to O'Sullivan, the husband, between the dates of February 11 and May 27, 1890, was furnished under one contract made between them about February 11, and that all the material for which Howell claims a lien subsequent to the 27th of May was furnished under a separate and independent contract from the one under which the first group of material between February 11 and May 27 was furnished. The verified account of items claiming a lien was not filed in the office of the recorder of deeds of Hall county until the 16th day of December, 1890, or more than four months

after the 27th day of May, 1890. We have no doubt, then, of the correctness of the finding and decree of the district court denying Howell or his assignee a lien on these premises for the material furnished on the 27th of May, 1890, or at any time prior thereto. We must not be misunderstood in what we are here deciding. We do not decide that Howell, by taking the note of O'Sullivan, the husband, on the 27th of May, 1890, waived his right to a lien against this real estate; but what we do decide is that the evidence justifies the conclusion that even if the material so furnished was furnished to O'Sullivan, the husband, as the agent of his wife, then none of the material furnished subsequently to May 27, 1890, was furnished in pursuance of the original contract made between Howell and O'Sullivan, the husband; or, to express it differently, that the last item of material which Howell furnished in pursuance of his contract made on the 11th of February with O'Sullivan was furnished on May 27, and that to entitle Howell to a lien for such material he must have filed in the office of the recorder of deeds of Hall county a verified account of items of such material and claimed a lien on said premises within four months of May 27. The mechanics' lien law of this state has ever been liberally construed by this court, but it will not be so construed as to enable a material-man to tack one contract to another and procure a lien by filing in the office of the register of deeds an itemized account of the material furnished under all the contracts within four months of the date of furnishing the last item of material under the last contract made.

2. The items in the second group of material are dated: 1890, August 20, $3.40; September 6, $2.90; September 16, $2.80; or a total of $9.10. At the time this material was furnished by Howell to O'Sullivan, the husband, O'Sullivan and his wife were residing on a farm. The material appears to have been used in making an improvement of some kind upon the farm. Was this material

furnished by Howell in pursuance of a contract between him and O'Sullivan, the husband, the latter then and there acting as the agent of the wife? The record does not disclose that at or before the time of furnishing the last three items of material that Howell ever had any conversation or dealing whatever with Mrs. O'Sullivan; nor is there any evidence in the record that the wife knew that her husband had purchased, or was purchasing or using the three items of material in the erection of improvements upon her real estate, further than such knowledge might be inferred from the fact that during the months of August and September she and her husband were residing on the farm. We think the fair inference is that the wife's real estate received the benefit of these last three items of material, and as they were used in making improvements on the real estate and she was living thereon at the time, that she had actual knowledge that the material was so used. But we are still unable to say that the district court was wrong in finding that these items of material were not furnished by Howell to Mrs. O'Sullivan in pursuance of a contract made with her husband as her agent. The conduct of Howell, throughout his dealings with O'Sullivan from the 11th of February, justifies the conclusion of the district court that he contracted with the husband not as the agent of the wife and not on the faith and credit of her separate property; or rather the evidence is such as will not justify us in saying that the district court reached the wrong conclusion. The appellant called O'Sullivan as a witness and some attempt was made to prove that he was acting as his wife's agent in and about the conduct of the farm and its management, and in buying the items of material under consideration. In so far as this evidence of O'Sullivan militated against the wife, it was incompetent, and we must presume that the district court did not consider it. It is so well settled in this state that, with certain exceptions not material here, a husband cannot be a witness against his

wife, nor the wife against the husband, that it is unneces-
sary to cite the authorities; and in an equity case, in which
a husband or wife is interested as plaintiff or defendant, if
one testify to matters against the interest of the other, the
district court should not consider such evidence. Aside
from the statement of O'Sullivan on the witness stand as
to his acting as agent for his wife in the purchasing of the
material under consideration, there is practically no evi-
dence in the record to sustain such contention. Counsel
cite us to *Howell v. Hathaway*, 28 Neb., 807, where it is
said that where a husband erects a dwelling house on land,
the title to which is in the name of his wife, and she is
aware that such building is being erected, and, in some
cases, gives direction to the workmen, the agency of the
husband will be presumed and the property will be subject
to a mechanic's lien. If Howell had filed his claim for a
lien within four months of the 27th of May, 1890, for the
material which he furnished between that date and the 11th
of February of that year, and which he alleges was used
in the erection of an improvement upon the wife's real es-
tate, the case stated might be an authority in point. A
wife is not liable to have her real estate charged for a
pound of nails or a board purchased by her husband for a
material-man, though such nails or such board may be used
in the erection or reparation of some improvement upon
her real estate; but her property will be subject to the lien
of a material-man when it appears not only that her hus-
band, in buying the nails or the board for the purpose of
such improvement, was acting as her agent and not buying
on his own credit, but also that the material-man parted
with the nails and board, not on the credit of the husband,
but on the faith and credit of the wife's ownership of the
real estate. We think the district court was justified in
finding that the last three items of material were not
furnished by Howell to Mrs. O'Sullivan through the
agency of her husband, but that Howell sold the last

items of material to Mr. O'Sullivan individually, gave him credit for them, trusted to him to pay for them, relied upon his credit and not upon the wife's property. The judgment of the district court must be and is

AFFIRMED.

HARRISON, J., not sitting.