Hansen v. Kinney.

IDA H. HANSEN V. ALPHEUS A. KINNEY.

FILED OCTOBER 15, 1895.    No. 6133.

1. **Review in Absence of Motion for New Trial:** EXAMINATION OF PLEADINGS.   Where it is sought to review on error in this court the judgment of a district court, no motion for a new trial having been filed, this court will look into the record to ascertain if the pleadings state a cause of action or defense and support the judgment or decree rendered; but this court will not go back of the verdict rendered by the jury or the findings of fact made by the trial court to review anything done or any proceeding had.

2. **Laborers' Liens:** SEPARATE CONTRACTS: EVIDENCE.   Where labor is performed for a contractor on an improvement on real estate at two different periods of time, and more than sixty days intervene between the last labor day of the first period and the first labor day of the second period, the presumption is that such labor was performed under two different contracts.   *Buchanan v. Selden,* 43 Neb., 559, followed.

3. ———: ———: CLAIM FOR LIEN: TIME TO FILE.   In such case, to entitle the laborer to a lien under the statute (Compiled Statutes, 1895, sec. 3667) for the labor performed during such first period of time, he must file in the office of the register of deeds a sworn statement of the labor performed and the amount due

46  207
47  797

46  207
51  167
52  762
53  535
54  797

46  207
56  621

46  207
58  75

46  207
61  857

him therefor from the contractor within sixty days of the last day on which he labored during such first period of time.

4. **Mechanics' Liens:** SEPARATE CONTRACTS: TACKING. The mechanics' lien law will not be so construed as to enable a laborer to tack one contract to another and procure a lien for all the labor performed under two or more contracts by filing in the office of the register of deeds a sworn statement of the labor performed and the amount due him therefor within sixty days of the date of performing the last labor performed in pursuance of the last contract. *Central Loan & Trust Co. v. O'Sullivan*, 44 Neb., 834, followed.

ERROR from the district court of Buffalo county. Tried below before HOLCOMB, J.

*Calkins & Pratt,* for plaintiff in error.

*John E. Decker, contra.*

RAGAN, C.

Alpheus A. Kinney brought this suit in equity in the district court of Buffalo county against Ida H. Hansen to have established and foreclosed against the latter's real estate a laborer's lien which he alleged he had acquired against said real estate by virtue of having performed certain labor for a contractor who in pursuance of a contract with Hansen had erected certain improvements on said real estate. Alpheus A. Kinney had a decree as prayed, and Hansen has prosecuted to this court a petition in error.

1. Hansen did not file a motion for a new trial. In order for this court to review on error any proceeding had in the trial of an equity case, a motion for a new trial must be filed as in an action at law. (*Carlow v. Aultman,* 28 Neb., 672.) Therefore we cannot look into the bill of exceptions for the purpose of ascertaining whether the findings of fact made by the district court are supported by sufficient evidence, nor review the action of the court in admitting or excluding evidence. In other words, our re-

view of the action of the district court must begin with what occurred, with what the court did, after making its findings of fact. ·When it is sought to review on error in this court the judgment of a district court, no motion for a new trial having been filed, this court will look into the record to ascertain if the pleadings state a cause of action or defense and support the judgment or decree rendered; but it will not go back of the verdict rendered by the jury or the findings of fact made by the trial court to review anything done or any proceeding had. In the case before us the petition of Alpheus A. Kinney states a cause of action and the pleadings in the record support the decree rendered, and had the district court made a general finding only in favor of Kinney and based its decree thereon, the same would have been affirmed. But the district court in this case made special findings of fact. These, because of the absence of a motion for a new trial, must be held to be absolutely correct, and the extent of our inquiry is, did the court reach the right conclusion of law, render the correct judgment or decree, on the facts found?

The facts found by the learned judge are as follows: (a.) Prior to June, 1889, one T. F. Kinney made a contract with Hansen in and by which he agreed to furnish ·the labor and material and erect for her an improvement on her real estate. (b.) T. F. Kinney employed Alpheus A. Kinney to perform labor on said improvement, and that said Alpheus A. Kinney during the months of June and July, 1889, labored on said improvement twenty-eight days at an agreed price of $2.50 per day. (c.) That Alpheus A. Kinney performed no other labor on said improvement until the 17th day of October, 1889, on which day he labored thereon six hours. (d.) That on the 14th day of November, 1889, Alpheus A. Kinney filed in the office of the register of deeds of Buffalo county a sworn statement of the labor performed and the amount due him therefor from said contractor for labor performed on the improvement erected un-

18

der said contract, and claimed a lien on the real estate on which said improvement was situate under section 3667, Compiled Statutes, 1895. And thereupon the district court decreed that Alpheus A. Kinney was entitled to a lien against the real estate of Hansen to secure the payment of said twenty-eight days and six hours labor.

It is to be observed that Alpheus A. Kinney performed labor for the contractor on two different occasions: First, during the months of June and July, when he worked twenty-eight days. Second, on the 17th day of October when he worked six hours. More than sixty days intervened between the 31st day of July, the date on which Alpheus A. Kinney stopped work on the improvement, and the 17th day of October, when he again began work on the improvement. This being the case, the presumption is that the labor performed on the 17th of October was so performed under a separate contract from that under which the labor performed on the 31st of July and prior thereto. (*Buchanan v. Selden,* 43 Neb., 559.) Therefore, to entitle Alpheus A. Kinney to a lien for the labor performed for the months of June and July, he should have filed a sworn statement of the labor performed by him and the amount due him from the contractor therefor and claimed a lien as provided by said section 3667, Compiled Statutes, within sixty days from the 31st of July. The mechanics' lien law should not be so construed as to enable a laborer to tack one contract to another and procure a lien for all the labor performed under two or more contracts by filing in the office of the register of deeds a sworn statement of the labor performed and the amount due him therefor within sixty days of the date of performing the last labor performed in pursuance of the last contract. (*Central Loan & Trust Co. v. O'Sullivan,* 44 Neb., 834.) Under the facts found by the district court Alpheus A. Kinney was entitled to a decree giving him a lien upon the property of Hansen for the value of the labor performed on the 17th day of

October only.   The decree of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.