NYE & SCHNEIDER COMPANY, APPELLANT, V. FRED
BERGER ET AL., APPELLEES.

FILED DECEMBER 9, 1897.  No. 7606.

1. **Mechanics' Liens: CLAIM: ITEMS: CONTRACT.**  All the materials for
which there are charges in a claim for a mechanics' lien must have
been furnished as parts of one transaction or under one contract
for a building or job of work.

2. ———: ———: ———: ———.  Whether all the items of charges for
materials were so furnished under a single contract or some items
arising under separate and independent transactions or contracts
have been included in the claim of lien, are questions of fact for the
jury or for the court if the case is tried to the court without a jury.

3. ———: ———: TIME.  To perfect a mechanic's lien a duly verified
claim must be filed in the proper office within four months from
the date of the last article of material furnished or the last labor
performed under the contract out of which the account arises.

4. ———: EVIDENCE.  The finding and judgment of the trial court in
this cause *held* supported by the evidence.

APPEAL from the district court of Stanton county.
Hear below before NORRIS, J.  *Affirmed.*

*Munger & Courtright,* for appellant.

*P. M. Moodie* and *C. C. McNish, contra.*

HARRISON, J.

In this, an action by the company to foreclose a me-
chanic's lien against a lot in the village of Pilger, Stan-

ton county, it was determined in the district court, as a result of a trial of the cause, that the lien had not been filed within the time required by law, hence could not be enforced, and judgment was rendered in accordance with the finding. The company has perfected an appeal to this court.

It appears that during the year 1892, Fred Berger, of appellees, had erected on the lot in question, he then being its owner, a "store building," for which, at the request of Berger, the appellant company furnished the lumber at such times during the progress of the building toward completion as the lumber was required and applied for at the company's yard. The duly verified itemized account or claim of lien was filed August 5, 1893. Appellees asserted in the trial court, and now assert, that the last material was furnished by the company and the building was completed December 17, 1892. Of the claim of the company there was a charge for material furnished January 12 and 26, 1893; April 13 and 27, 1893, and June 17 and 24, 1893. It is contended for the company that the furnishing of the material was, though at different dates, all under one continuing contract, or a contract to furnish the material which would be required from time to time in the erection of the building, the agreement providing no specific amount of material and no time within which it was to be furnished; that the items set forth in the charges in the claim of lien of dates subsequent to that of December 17, 1892, at which the appellees contend that the building was completed, though possibly used for purposes and for constructions not within the contemplation of the party for whom the building was erected when the contract was made, must be treated as furnished for the building and under the contract, so that a verified claim filed within four months after the date of the last charge would perfect a lien. The lumber obtained in January, 1893, was to build a partition, or an inclosure, around the portion of the storeroom where stood the desk, to make what was called

the office. That obtained in April was used in putting up or on a front to the building some show windows. The proprietor stated in his evidence that, as the building had been planned and completed, the dust accumulated on the goods and he had these windows, or this front, made to obviate the trouble, annoyance, and loss caused by the dust.

In support of the contention for the appellant, our attention is directed to the decision in the case of *Nichols v. Culver,* 51 Conn., 177, to which one of the headnotes is the following: "The plaintiff substantially completed the house on the 6th of August and the defendant went into possession during that month. Some time in September the plaintiff furnished and hung blinds, and on the 22d of November, at the request of the defendant, he furnished materials and did final work to the amount of $14. This work was necessary to the comfortable use of the house in winter. No rights of third parties had intervened. Held that the final work was to be regarded as sufficient to preserve the lien." The findings of facts, as stated in the decision, on this point were as follows: "The house was substantially completed on the 6th day of August of the same year, and the respondent entered into it during the month of August of the same year, and has ever since lived in the same; that, on the 25th day of September, 1875, the petitioner furnished and put on some base knobs, for which he charged one dollar, and some time during the same month, the exact date of which cannot be ascertained, he furnished and hung the blinds for the house, making an item of $90.65; that on the 22d day of November of the same year the petitioner, at the request of the respondent, furnished materials of the value of $8.18 and performed labor of the value of $5.95 in final work upon the house, such as making a frame for an inside cellar door, putting glass into the cellar windows, putting up clothes hooks, brackets, and a shelf." After commenting on the facts and an announcement of its conclusions therefrom, the

court further observed: "We think, therefore, the case is clearly within the principles established by this court in *Cole v. Uhl*, 46 Conn., 296." In *Cole v. Uhl*, to which the court referred in the foregoing, it was announced: "The petitioner contracted to build a house for the respondent, to be completed on the 15th of November, 1876. The work was completed by that time, except the putting of a pump into the basement, which was done on the 1st of December, 1876, and making a well curb and plastering around a mantel, which was done on the 27th of February, 1877. This work was necessary to the completion of the job contracted for and was delayed at the request of the respondent, and no other parties before the court claimed any equities. Held that the work was to be regarded as completed at the date last mentioned, and that a lien filed within sixty days thereafter was good." It will no doubt have been noticed that in *Nichols v. Culver* the finding was to the effect that the material and labor for which the last charges in the account were made were "in final work upon the house;" and in *Cole v. Uhl*, *supra*, it is stated of the work for which appeared the final items of charge in the account or claim of lien, "This work was necessary to the completion of the job contracted for." In both of these cases it is clearly indicated that the items of charges particularly in question were connected with and contemplated in the original contract of building and necessary for its completion. In the decision in the case of *Frankoviz v. Ireland*, 26 N. W. Rep. [Minn.], 225, cited for appellees, the rule is stated as follows: "In a claim for a mechanic's lien, which includes different items of material delivered at different times, the account is to be treated as a unit, and the time within which the account and affidavit must be filed for record begins to run from the date of the last item, providing they were all delivered for the same job of work; as for constructing the building, if that was the job in hand, or for doing the same job of repairing. But if some of them were delivered for

some other work,—as where the construction is completed, and afterwards some further thing to be done is determined on,—the furnishing of such items cannot suspend the running of the time for filing as to the account for constructing. Whether an item belongs in such account is a question of fact for the jury." In the body of the opinion appears this statement: "In this case the contractors had in hand the constructing of the building. If the items in the bill of particulars to and including that of March 18 completed the work, and the item of June 4 was an afterthought,—something determined upon after the construction was completed,—then that item is independent of the others, is no part of the account to which they belong, and cannot affect the right to a lien for that account. The lapse of so long a time between the items of March 18 and June 4, unexplained, would be evidence, more or less strong according to the circumstances, that the two items did not belong to the same account, that they were not furnished for the same job, and that the latter item was upon an afterthought. But it is a question of fact for the jury." In support of the doctrine of the opinion from which we have just quoted, see, also, Phillips, Mechanics' Liens, secs. 229, 230; *Harmon's Appeal*, 124 Pa. St., 624; *Central Loan & Trust Co. v. O'Sullivan*, 44 Neb., 834; *Hansen v. Kinney*, 46 Neb., 207; *Henry & Coatsworth Co. v. Fisherdick*, 37 Neb., 207.

In the case at bar the question of whether the final charges in the account were for material furnished for use in the completion of the building for purposes contemplated when it was commenced or during the course of its erection, or were for repairs or additions to the building after it had been completed and independent of the original contract, was for the jury to answer, or the court, if the cause was tried to the court, and on this subject the evidence was conflicting; but the finding of the court that the items were for matters independent of the original contract was amply supported by

the evidence, and must be affirmed. It follows that the claim of lien was not filed in time. The decree of the district court was right and is

AFFIRMED.