GROVE-WHARTON CONSTRUCTION COMPANY, APPELLEE, V. ADELAIDE W. CLARKE ET AL., APPELLANTS.

FILED MAY 20, 1910.   No. 16,034.

1. **Mechanics' Liens:** SEPARATE CONTRACTS. Where material has been furnished and labor performed for the construction of a building under distinct contracts between a contractor and the owner of said structure, one claim for a lien for the amount due upon the several contracts may lawfully be filed if material was furnished or labor performed under all of the contracts within four months of the date the claim was filed.

2. ———: PERFORMANCE OF CONTRACT. In an action to foreclose a mechanic's lien for labor performed upon and material furnished for a building, proof that there was a trifling failure to perform the contract will not defeat the action, where it appears that the lienor substantially performed his contract.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Affirmed.*

*W. W. Slabaugh,* for appellants.

*John C. Wharton* and *Byron G. Burbank, contra.*

ROOT, J.

This is an action to foreclose a mechanic's lien. The plaintiff prevailed, and the owner of the lots involved appeals.

1. The defendant insists that the district court erred in foreclosing three distinct contracts included in one claim for a lien. The evidence shows that the plaintiff agreed with the defendant to furnish lumber for the house thereafter constructed; subsequently a distinct contract was made between the parties for mill work to finish said building; and finally a third contract was made between them with reference to painting said structure. All of the contracts were oral, and were referred to in one verified claim for a lien filed in the office of the register of deeds. We have held that separate contracts for labor performed or material furnished in constructing or repairing a building upon or appurtenances to real estate may not be tacked so that material furnished or labor performed under a subsequent contract may be considered for the purpose of extending the time within which the claim under the prior contract may be filed. *Henry & Coatsworth Co. v. Fisherdick,* 37 Neb. 207; *Hansen v. Kinney,* 46 Neb. 207. But we have never decided that one claim filed within the time provided by law for the first contract will not sustain a mechanic's lien for several contracts with reference to one building or other improvement. The general statements in the syllabus of *Nye & Schneider Co. v. Berger,* 52 Neb. 758, should be considered in connection with the facts referred to in the opinion. In that case material had been furnished under separate contracts for the construction and

improvement of a building. The claim for a lien had been filed too late to sustain the earlier contract, unless work performed and material furnished under the later contract gave validity to the claim for all material furnished. We held the claim had been filed too late to continue a lien for the contract that had been performed more than four months before that claim was filed. In *Henry & Coatsworth Co. v. Halter,* 58 Neb. 685, a single lien for services rendered under five distinct contracts was foreclosed. In that case the claim was filed within four months of the date the last services under the first contract were rendered. *Kinney v. Duluth Ore Co.,* 58 Minn. 455. The point of law urged by the defendant is not well taken.

2. The defendant further contends that none of the material furnished under the contract for lumber was delivered within four months of September 30, 1907, the date the claim for a lien was filed. The evidence demonstrates that the plaintiff delivered to the defendant, under the contract, lumber on May 31, June 3, and June 17, 1907. There is some contention that the material furnished in June was extra lumber not included in the original contract, and should not be considered for the purpose of upholding a lien for lumber. Whatever may be the fact concerning the June deliveries, we are satisfied that the flooring delivered May 31, 1907, is described in and was delivered pursuant to the contract first entered into between the parties hereto. We therefore hold that the verified account was filed in time.

3. The defendant contends that part of the material charged against her by the plaintiff was not furnished, but the record does not bear out the assertion. Mr. Grove, the plaintiff's president and manager, testifies positively that all of the material thus charged was furnished the defendant, and there is considerable evidence in the record tending to corroborate that testimony. It also appears from a consideration of the evidence that the plaintiff

and the defendant, after the house was constructed, agreed upon the items of material furnished under the first contract, and the amount unpaid therefor. We find nothing in the record to justify setting aside the findings of the district court in this particular. The proof concerning the mill work also supports the decree.

4. Some complaint is made by the defendant that the plaintiff furnished inferior material for and did not properly paint the house subjected to the lien foreclosed herein. We do not think the evidence preponderates in defendant's favor upon this subject, but, on the contrary, establishes a substantial performance by plaintiff of its contracts with the defendant. Furthermore, the answer is a general denial. The defendant's evidence, uncontradicted, will not support a finding that any definite sum should be deducted because of the alleged failure of the plaintiff to perform its contract in every detail. In this situation, the case is ruled by *Hahn v. Bonacum*, 76 Neb. 837, and the plaintiff is entitled to a foreclosure of its lien.

The judgment of the district court is right, and is

AFFIRMED