Rivett Lumber & Coal Co. v. Linder.

---

RIVETT LUMBER & COAL COMPANY, APPELLEE, V. ANTON P. LINDER ET AL., APPELLANTS: JOHN J. HEALY, APPELLEE.

FILED MAY 23, 1925.    No. 23152.

1. Mechanics' Liens: ENFORCEMENT: GOOD FAITH. "Where a claimant" for a mechanics' lien, "by gross carelessness or by design, puts upon record a statement which he knows, or which by the exercise of reasonable and proper diligence he might have known, to be erroneous and unjust, either by including items not furnished for the particular building or by failure to give credit for payments made, the law will not aid him in enforcing his lien. On the other hand, if the errors are trifling and immaterial, or if they are readily explainable as the result of mistake, and no element of wilfulness appears, regard will be had for the imperfections of human machinery, and the recovery of a just debt will not be denied where nothing but fair dealing was intended." *Consolidated Stone Co. v. Union P. R. Co.,* 96 Neb. 521.

2. ———: ———: ITEMS. Where a materialman's lien is made to depend upon a contract for the erection of a particular building or buildings mentioned in his sworn statement claiming a lien, he is not entitled to a lien on such building or buildings for the value of material furnished for use and used in the erection of a different structure or improvement.

3. ———: ———: ———. "Under the mechanics' lien law the lien of a materialman for materials furnished for the erection of

a building under an agreement with a contractor extends only to such materials as were used in or delivered at the building for use therein." *Foster v. Dohle*, 17 Neb. 631.

4.. ———: ———: ———. "All the materials for which there are charges in a claim for a mechanics' lien must have been furnished as parts of one transaction or under one contract for a building or job of work." *Nye & Schneider Co. v. Berger*, 52 Neb. 758, followed.

5. ———: ———: ———. Where, in the materialman's sworn statement of the items of materials furnished, made for the purpose of securing a lien, is included, as one item, the value of a list of materials furnished under an accepted bid thereon, the fact that a number of items included in the list were not actually furnished, if due credit is given therefor, will not invalidate the lien.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Reversed.*

*Anson H. Bigelow*, for appellants.

*Brome, Ramsey & Crawford* and *McKenzie, Cox & Harris*, contra.

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS, JJ., REDICK and SHEPHERD, District Judges.

EVANS, J.

This is an action to foreclose a mechanics' lien. There was a judgment for the plaintiff, from which the defendant Anton P. Linder (hereinafter called the owner) appeals. The defendant John J. Healy (hereinafter called the contractor) entered into a contract with the owner for the erection of three dwelling-houses on lots No. 10, No. 11, and No. 12, block 5, in Kirkwood addition to Omaha, and described in the evidence as Nineteenth and Manderson streets. At the time of entering into the contract the three lots had thereon three dwellings and a garage. One of the old buildings was on lot No. 10, and two were on lot No. 12. The garage was on lot No. 11. Two of the new dwellings were placed on lot No. 12 and one on lot No. 11. During the performance of the contract for the construction of the dwellings a garage was constructed by the contractor on

lot No. 10 and certain repairs made upon the old dwellings.
The contract for the construction of the dwellings did not,
in express terms, provide for the building of a garage.   The
contract, however, by its terms, fixes the second payment
thereunder, and provided for therein, as due upon comple-
tion of the garage; and, with the plans, which were in con-
templation at the time the contract was made, is a sketch
or outlined plan for a garage, and the specifications fix
certain requirements as to it.   The contract in no way
affects or mentions the repairs made on the old dwelling-
houses.   The plaintiff furnished the material required for
the construction of the three new dwelling-houses, the new
garage, and for the repairs to the old dwelling-houses, and
on January 7, 1920, filed a written statement under oath,
in the office of the register of deeds of Douglas county,
claiming a mechanics' lien upon the three lots above de-
scribed, and charges therein the material used in erecting
the garage and in repairing the old dwellings.   In that
statement or mechanics' lien it is set forth:   "That said
labor was performed and said materials were furnished in
good faith for the purpose of erecting certain dwellings
standing on the land hereinafter described."

In plaintiff's petition there is an allegation that the plain-
tiff and contractor, "who was agent of, and general con-
tractor for," the owner, on July 31, 1919, entered into a con-
tract "to furnish and deliver to said defendant Anton P.
Linder a quantity of lumber and building material for the
erection of certain dwellings and other improvements upon
said real estate."   In the statement and lien filed by the
plaintiff, after certain items of material charged, is the
word "garage."   There is no other mention of the garage
in the petition of the plaintiff or the lien filed by it except
as it might be included in the words "other improvements"
mentioned above.   All materials furnished for the erection
of the dwellings, for the repair of the old dwellings, and for
the erection of the garage, were charged to the contractor
and are included in the items charged in the lien attempted
to be foreclosed in this action. The defendant owner, Linder,

in his answer admits that certain materials were furnished by the plaintiff for the contractor for the construction of said dwelling-houses, and alleges that the plaintiff has been fully paid, and denies each and every other allegation. The evidence was taken before a referee, who reported the same to the court, together with his findings of fact and conclusions of law, which report found there was due to the plaintiff $2,428.41, with interest; that the plaintiff was entitled to a lien therefor upon the property described, and recommended the entry of a decree of foreclosure in its favor for that amount. The owner filed exceptions to the report, which were overruled, and the report was approved by the court. A motion for a new trial was filed and overruled, and judgment rendered upon the findings and report of the referee, and a decree of foreclosure conformable to the recommendations of the referee was entered in plaintiff's favor. The owner appeals. The decree, so far as it affects the issues between the owner and the contractor, is not appealed from.

The owner challenges the plaintiff's right to any lien because of its erroneous and unjust claims put upon record which are the result of gross carelessness or design, and which it knew, or by the exercise of reasonable and proper diligence it might have known, to be erroneous, and that a lien based on such a claim so made ought not to be enforced. The owner assigns as error that the material furnished the contractor was not furnished upon the credit of the buildings being erected by the appellant, but upon the general credit of the contractor; that the allowance of a lien for the entire balance of material of the bill charged for in a lump sum is improper; that the allowance of a lien for the full $2,428.41 upon the three buildings already owned by the appellant before the contract was entered into, as a part of the entire property covered by the lien, was error, because the material furnished for repairs was not furnished in pursuance of the contract for the erection of the three new buildings; and that no mechanics' lien attaches if the materials for which the lien is credited do not enter into the improvements.

Rivett Lumber & Coal Co. v. Linder.

The appellant strongly urges that, by reason of the numerous errors as to items charged therein and credits improperly omitted, the plaintiff is not entitled to any lien.

In *Consolidated Stone Co. v. Union P. R. Co.*, 96 Neb. 521, it is held: "Where a claimant, either by gross carelessness or by design, puts upon record a statement which he knows, or which by the exercise of reasonable and proper diligence he might have known, to be erroneous and unjust, either by including items not furnished for the particular building or by failure to give credit for payments made, the law will not aid him in enforcing his lien." We have examined the record, and while it appears there are mistakes, some of which are the result of carelessness, we cannot say that the carelessness was gross or the mistakes wilful, and as both the referee and the district court find that there was no bad faith apparent, and that the mistakes are to be explained and accounted for by "the imperfections of human machinery," this court would not be warranted in holding the entire lien unenforceable.

There is, however, a more serious question as to the evidence supporting the finding of the amount due the plaintiff and secured by the lien.

The statute, so far as material to this case, is as follows: "Any person who shall * * * furnish any material * * * for the construction, erection, improvement, reparation or removal of any house, * * * or building or appurtenance by virtue of a contract or agreement, expressed or implied, with the owner thereof or his agents, shall have a lien to secure the payment of the same upon such house * * * building or appurtenance and the lot of land upon which the same shall stand." Comp. St. 1922, sec. 3207.

"Any person or subcontractor who shall * * * furnish any material * * * for any of the purposes mentioned in the first section of this chapter, to the contractor or any subcontractor who shall desire to secure a lien upon any of the structures mentioned in said section, may file a sworn statement of the amount due him or them from such contractor or subcontractor for such * * * material, * * *

together with a description of the land upon which the same were done or used, within sixty days from * * * furnishing such material, * * * with the register of deeds of the county wherein said land is situated; and if the contractor does not pay such person or subcontractor for the same, such subcontractor or person shall have a lien for the amount due for such * * * material * * * on such lot or lots and the improvements thereon from the same time and in the same manner as such original contractor." Comp. St. 1922, sec. 3208.

A mechanics' lien is purely statutory, but is remedial and should be liberally construed. *Rogers v. Omaha Hotel Co.,* 4 Neb. 54. But, "one who claims the benefits of a mechanics' lien law must show a substantial compliance with each essential requirement thereof." *Bell v. Bosche,* 41 Neb. 853; *Holmes v. Hutchins,* 38 Neb. 601. And a materialman cannot tack one contract to another. *Nye & Schneider Co. v. Berger,* 52 Neb. 758. The evidence in this case discloses that prior to the 29th day of July the contractor presented to the plaintiff a list of lumber and materials which would be necessary for the erection of one of the three dwellings provided for in the contract between the owner and the contractor, also a list of mill-work, requesting prices thereon, and advising the plaintiff that there would be three buildings each of the same character. Nothing was said, so far as the evidence discloses, with reference to the garage or the material to be used in its construction, nor was the material used therein included in the lists submitted to the plaintiff, and upon which it bid. The bids made by the plaintiff on these lists of material were accepted with the understanding they were to be furnished in triplicate. The garage was completed more than 60 days before the lien was filed. Neither was there any mention made with reference to proposed repairs on the old dwellings already upon the premises. The referee's finding with reference thereto is as follows:

"That prior to John J. Healy, the contractor, entering into the contract with the Linders for the construction of

Rivett Lumber & Coal Co. v. Linder.

the three houses, he furnished to the plaintiff a *list of lumber for one house,* which was to be duplicated for the other two houses, and asked for estimates of cost of material; that the plaintiff furnished said Healy with an estimate of the cost of material as shown by exhibits 175, 176, and 177, received in evidence, and that after said contract was entered into said *Healy let the contract to plaintiff to furnish the material for the construction of said houses,* and that the plaintiff did furnish the material for the construction of said houses, and that on the 25th day of February, 1920, the plaintiff filed with register of deeds of Douglas county, Nebraska, an itemized statement purporting to contain a list of all materials furnished the said defendant Healy for the construction of said houses *and garage,* showing the amount due the plaintiff after giving defendant credit for payments made and materials returned, which was duly verified, and wherein plaintiff claims a lien against the property described in plaintiff's petition in the sum of $2,733.60, which itemized statement was received in evidence and is marked 'exhibit 1.' "

As the lien is based upon the furnishing of lumber and building materials for the erection of certain dwellings, and where, as in the case, the garage is a separate structure included in neither the materialman's contract for the material that entered into the dwellings nor his claim for a lien, the building materials used in the erection of the garage cannot be made the basis for a lien claimed by reason of the erection of certain dwellings, nor can they legally be charged therein.

While it is alleged in plaintiff's petition that the contractor is the agent of the owner, no evidence of that fact is in the record except such inferences as flow from the fact of his being the contractor and the right of a materialman to a lien does not result from the contractor being the agent of the owner, but from having furnished such contractor materials which were used in the erection of the building. *Pomeroy v. White Lake Lumber Co.,* 33 Neb. 240.

The plaintiff bid on a bill or list of lumber and materials which was to be, and was, supplied in triplicate and entered into the construction of the three dwellings, and materials included in such bill or list and the extras furnished in connection with the erection of these dwellings, and furnished within the limitations of the statute, creating the right to a lien, are proper items in the lien and their payment is secured thereby. But those items which went into the construction of the garage are not so protected, and, in so far as they are included in the amount found due the plaintiff, such finding and decree are not supported by the evidence. The finding of the court quoted above is not sufficient to support the decree. It is pertinent to the inquiry to note that—"Where labor or material has been furnished by a party under distinct contracts, the claim for a mechanics' lien under each contract must be filed within the time limited by the statute for that purpose." *Henry & Coatsworth Co. v. Halter*, 58 Neb. 685. While this does not prevent the joining in one statement or claim for lien the items of labor performed or material furnished under separate contracts for the same plant or structure where, as to those items, the provisions of the statute are complied with as to the items furnished under each contract, it does prevent a materialman from tacking one contract to another by filing one statement which secures a lien for material furnished under one contract, and at the same time securing a lien for material furnished under another contract as to which he has not complied with the statute.

From the record it would seem that the last item furnished to the garage was on August 21, 1919, and, as the lien was filed on January 7, 1920, much more than 60 days had elapsed between furnishing this material and the filing of the lien.

"The mechanics' lien law of the state should not be so construed as to enable a materialman to tack one contract to another and procure a lien for all the material furnished under all the contracts by filing in the office of the register of deeds an itemized account of such material" within the

time limited by the law after "the date of furnishing the last item of material furnished in pursuance of the last contract." *Central Loan & Trust Co. v. O'Sullivan,* 44 Neb. 834. See *Hansen v. Kinney,* 46 Neb. 207; *Nye & Schneider Co. v. Berger,* 52 Neb. 758; *Grove-Wharton Construction Co. v. Clarke,* 86 Neb. 831.

The rule of construction applied in these cases would likewise prevent a lien, claimed under a contract for the erection of a dwelling, from securing payment for material used in the erection of a garage when no mention of the latter is made in the lien, and as has been held by this court: "Under the mechanics' lien law the lien of a materialman for materials furnished for the erection of a building under an agreement with a contractor extends only to such materials as were used in or delivered at the building for use therein." *Foster v. Dohle,* 17 Neb. 631. See *Drexel v. Richards,* 48 Neb. 322.

What has been said as to the material used in the erection of the garage applies with even greater force to the material furnished for the repairs on the old dwellings already on the lots covered by the liens and charged in the liens sought to be foreclosed as furnished under the contract "for the erection of certain dwellings." It follows that the finding of the referee and the trial court, so far as it is based upon the value of materials used in the erection of the garage and the repairs of the old dwellings, is unsupported by evidence. The appellant is entitled to have deducted from the amount of the lien the amounts charged therein for materials that entered into the garage and for the materials used in the repair of the old dwellings and which were charged in the lien.

It is urged by the owner that, as the lien in question is made to cover the three lots, and as the houses were erected, two on lot No. 12 and one on lot No. 11, and there was already on lot No. 12, at the time the contract for the new buildings was entered into, two dwellings, the lien cannot be made to apply to the three lots, and that it can only apply to those parts of lot No. 12 and lot No. 11 upon which

the new dwellings stand, and cannot apply to lot No. 10, as none of the new dwellings were erected thereon. The contract between the contractor and the owner was for three dwellings to be erected on lots No. 10, No. 11, and No. 12. As between the contractor and the plaintiff the bid was on a list of material for one house, with the understanding that it was to be furnished in triplicate to be used in erecting the three dwellings on lots No. 10, No. 11, and No. 12, block 5, Kirkwood addition to Omaha.

In *Doolittle & Gordon v. Plenz,* 16 Neb. 153, it is held: "Where a mechanic enters into a contract to erect a building or buildings for a specified sum, the contract being entire, he need not make a detailed statement of his labor and materials, but the entire job may be set down as a single item." And, as the interests of third parties do not intervene, the plaintiff is entitled to a lien on the three lots described in the lien. *Wakefield v. Latey,* 39 Neb. 285. See, also, *Bohn Sash & Door Co. v. Case,* 42 Neb. 281; *Lehmer v. Horton,* 67 Neb. 574.

The case is reversed and remanded for further proceedings in conformity with this opinion.

REVERSED.

Note—See Mechanics' Liens, 27 Cyc. 46, 47, 144, 203-205.