RIVETT LUMBER & COAL COMPANY, APPELLANT, V. ANTON P. LINDER ET AL., APPELLEES.

FILED FEBRUARY 13, 1928. No. 25796.

*Hainer, Flansburg & Lee* and *Brome & Ramsey,* for appellant.

*Sidney W. Smith* and *Anson H. Bigelow, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and HOWELL, JJ., and REDICK, District Judge.

THOMPSON, J.

So far as material for our present consideration, this was an action in equity heretofore instituted in the district court for Douglas county by the appellant herein to foreclose a mechanic's lien. There was a decree entered, in usual form in such cases, in favor of plaintiff and against the defendants, Anton P. Linder, and Eunice E. Linder, and John J. Healy, as a balance due it for materials furnished in the sum of $2,433.41, and the court ordered that

if such sum was not paid within 20 days the properties covered by such lien be sold and the proceeds applied to the payment of plaintiff's debt. To reverse such judgment appeal was had to this court, and the issues were determined as reported in *Rivett Lumber & Coal Co. v. Linder,* 113 Neb. 567, wherein it will be found that we concluded, as to the materials used in the construction of a garage and repairs placed on three certain old dwellings on the premises, that such materials were improperly included in the items going to make up the $2,433.41 and should be deducted therefrom, or speaking literally in such opinion we said:

"The building materials used in the erection of the garage cannot be made the basis for a lien claimed by reason of the erection of certain dwellings, nor can they legally be charged therein. * * * The plaintiff bid on a bill or list of lumber and material which was to be, and was, supplied in triplicate, and entered into the construction of the three dwellings, and materials included in such bill or list and the extras furnished in connection with the erection of these dwellings, and furnished within the limitations of the statute, creating the right to a lien, are proper items in the lien and their payment is secured thereby. But those items which went into the construction of the garage are not so protected, and, in so far as they are included in the amount found due the plaintiff, such finding and decree are not supported by the evidence. * * * What has been said as to the material used in the erection of the garage applies with even greater force to the material furnished for the repairs on the old dwellings already on the lots covered by the lien and charged in the liens sought to be foreclosed as furnished under the contract 'for the erection of certain dwellings.' It follows that the finding of the referee and the trial court, so far as it is based upon the value of material used in the erection of the garage and the repairs of the old dwellings, is unsupported by evidence. The appellant is entitled to

have deducted from the amount of the lien the amounts charged therein for materials that entered into the garage and for the materials used in the repair of the old dwellings and which were charged in the lien. * * * The case is reversed and remanded for further proceedings in conformity with this opinion."

After adopting this opinion, a mandate in harmony therewith was issued and sent to the district court for Douglas county, where the same was filed, and later the cause was again called for hearing, and plaintiff furnished proof of the different items of materials claimed to have been used in the construction of the garage and in the repair of the old dwellings, and the value thereof which aggregate $628.18, and asked that such sum be credited on the original judgment and decree in the case, and that the judgment and decree as thus corrected be permitted to remain in full force and effect, or that a new decree be entered, as it may suit the purpose of the court, for the sum of $1,805.23, being the balance due plaintiff after deducting the $628.18 from the $2,433.41. To all of which defendants Linder objected, which objections were sustained by the court, and the action dismissed. To the sustaining of such objections, and the dismissal of the action, the plaintiff excepted, and for reversal prosecutes this appeal.

As we glean from the record, the briefs submitted, and the oral arguments, we are lead to conclude that the theory of the defendants, as well as that of the trial court, was that the cause was reversed and remanded for trial generally, while plaintiff's theory was that the cause was reversed and remanded simply for the purpose of permitting a hearing to ascertain the materials used in the construction of the garage and those used in repairs placed on the old dwellings, and that the ascertained values of these should be added and the amount thereof credited upon the sum found and entered in the original judgment or decree as of its date, save as to dates and the amount found due

to plaintiff. This theory of the plaintiff, with which we agree, is clearly in harmony with the purpose and intent of our previous opinion.

Further, we conclude from the evidence that the plaintiff was right in its computation of the value of the materials that entered into the construction of the garage, as well as those used in the repair of the old dwellings, to wit, that such value was the sum of $628.18. From the foregoing, it follows that the trial court erred in not entering a new decree in harmony with plaintiff's theory as hereinbefore indicated, and also erred in dismissing the action.

The judgment of the trial court is reversed, and the cause remanded, with directions to it to enter a new decree identical with the original, except as to dates, and except that the amount found due and owing to plaintiff shall be $1,805.23, with interest thereon at 7 per cent. per annum from the date of the original decree; further, plaintiff shall pay all costs made by it, and the defendants Linder all costs made by them, since the filing of the mandate in the trial court.

REVERSED.