EDWARD MARRENER AND GEORGE T. KIMBALL, APPELLANTS, V. WILLIAM A. PAXTON, APPELLEE.

**Mechanics' Lien:** MATERIALS FURNISHED BY SUB-CONTRACTOR. A subcontractor who furnishes materials for a building, but whose contract was made with the contractor alone, can acquire a lien under the mechanics' lien law for such materials only as were delivered at the building for use therein, or were actually used in the construction thereof.

APPEAL from Douglas county. Tried below before WAKELEY, J.

*George B. Lake, John D. Howe,* and *Charles Ogden,* for appellants.

*Congdon, Clarkson & Hunt,* for appellee.

MAXWELL, J.

In April, 1882, the defendant entered into a contract with R. C. Steele & Johnson, of Omaha, to furnish the

glass for a warehouse he was then erecting in Omaha.
Those parties not having the glass themselves, sent the
order to the plaintiffs, who were dealers in glass in Chi-
cago.   The order was filled on the 3d of May, 1882.   The
glass seems to have been directed to Steele and Johnson,
Omaha, and was received by them on or about the 11th of
May of that year.   On the 16th of that month said firm
executed a chattel mortgage to the First National Bank of
Omaha, as stated by the junior member of the firm in his
testimony, " on all the goods and chattels of said firm.   The
mortgage among other things covered about fourteen hun-
dred boxes of window glass, in which were the four cases
or boxes of plate glass and the forty boxes of double thick
French glass which are included and mentioned in exhibit
A."   (That purchased for the defendant.)   Soon afterwards
the bank foreclosed the mortgage.   Mr. Marrener, one of the
plaintiffs, was present at the sale and bid $1,000 for the
glass which his firm had furnished to Steele and Johnson
for the defendant.   Afterwards the plaintiffs filed an ac-
count against Paxton for the value of the glass, and claimed
a mechanic's lien as subcontractors upon the defendant's
building and the lots on which it stands.   The court be-
low found the issues in favor of the defendant and dismissed
the action.   The only objection is that the finding is against
the weight of evidence.

   The question here involved is substantially the same as
in *Foster v. Dohle, ante* p. 631.   We have no doubt
that in a proper case, one furnishing materials in good
faith for the erection of a building under an agreement
with a contractor for that purpose, may file a mechanic's
lien upon the structure and the lots on which it stands.
The lien is given, however, not upon the ground that a
contract was made by the owner with such subcontractor,
but because the material so furnished was used in the erec-
tion of the building.   The furnishing of the material is
notice to the owner of the rights of the party, and until the

time for filing a lien has expired, he is directly liable to such party for the value of the same. Where, however, a subcontractor seeks to charge the owner, it devolves on him to show either that the material furnished by him was used in the erection of the building, or at least that he delivered it there under an agreement with the contractor that it would be used in the erection of the building on which the lien is sought. In this case the weight of testimony shows that the credit was given to R. C. Steele and Johnson, and they regarded themselves as owners of the property by executing a mortgage thereon to the bank. The plaintiffs also recognized the validity of the mortgage and the transfer of the title of the property by bidding at the sale on the foreclosure of the mortgage. The defendant was the highest bidder, having paid more than $1,200 for the property, and as he appears to have acted in good faith he should not be required to pay for the glass again. There is no doubt from the evidence that the plaintiffs sold the property in question to Steele and Johnson, and the testimony tends to show other extensive dealings with that firm. They should be paid for property sold by them, but the court cannot aid them in this proceeding. The judgment is clearly right and must be affirmed.

JUDGMENT AFFIRMED.

REESE, J., concurs.

COBB, CH. J., dissents.