Pomeroy v. White Lake Lumber Co.

## SAME V. SAME.

[FILED OCTOBER 21, 1891.]

2. ————: FOUNDATION OF THE RIGHT. The right of a material-man to a lien upon a building, does not result from the contractor being an agent of the owner, but from having furnished such contractor materials which were used in the erection of the building.

REHEARING of preceding case.

*M. B. Reese,* and *G. R. Chaney,* for plaintiff in error, cited: *Curtis v. Cutler,* 7 Neb., 315; *Catron v. Shepherd,* 8 Id., 308; *Ball v. La Clair,* 17 Id., 39; *O'Donohue v. Hendrix,* 13 Id., 255; *Tingley v. Dolby,* Id., 371.

*J. L. Edwards,* contra, cited: *Rathburn v. R. Co.,* 16 Neb., 441; *Bell v. Sherer,* 12 Id., 409; *Foster v. Dohle,* 17 Id., 631; Phillips, Mechanics' Liens, p. 23, sec. 13; *Griggs v. Le Poidevin,* 11 Neb., 385; *Schukraft v. Ruck,* 6 Daly [N. Y.], 1; *Freeman v. Carson,* 27 Minn., 516; *Steigleman v. McBride,* 17 Ill., 300; *McLaughlin v. Green,* 48 Miss., 175; *Gaty v. Casey,* 15 Ill., 189; *Chapin v. Persse,* 30 Conn., 461.

MAXWELL, J.

An opinion was filed in this case January 28, 1890, affirming the judgment of the court below. Afterwards

a motion for a rehearing was filed, and the court, fearing that a mistake had been made, granted a rehearing. A copy of the petition is set forth in the former opinion, and need not be repeated here.

The case has been carefully re-examined, and we are convinced that the former opinion is right.

Section 2, chapter 54, Comp. Stats., provides, "Any person or subcontractor who shall perform any labor for, or furnish any material or machinery or fixtures for, any of the purposes mentioned in the first section of this act, to the contractor or any subcontractor who shall desire to secure a lien upon any of the structures mentioned in said section, may file a sworn statement of the amount due him or them from such contractor or subcontractor for such labor or material, machinery or fixtures, together with a description of the land upon which the same were done or used, within sixty days from the performing of such labor or furnishing such material, machinery, or fixtures, with the register of deeds of the county wherein said land is situated, and if the contractor does not pay such person or subcontractor for the same, such subcontractor or person shall have a lien for the amount due for such labor or material, machinery, and fixtures, on such lot or lots and the improvements thereon, from the same time and in the same manner as such original contractor, and the risk of all payments made to the original contractor shall be upon the owner until the expiration of the sixty days hereinbefore specified. And no owner shall be liable to any action by the contractor until the expiration of said sixty days, and such owner may pay such subcontractor or person the amount due him from such contractor for such labor and material, machinery and fixtures, and the amount so paid shall be held and deemed a payment of such amount to the original contractor. And in cases where a dispute arises between the contractor and his journeyman, or other persons, for work done or material furnished, the owner may retain the amount claimed by

said subcontractor or journeyman or laborer until the dispute has been settled by arbitration or otherwise. Said sworn statement and claim of lien shall be by such register of deeds recorded in the same manner as other liens provided for by this chapter, and such lien shall remain in force for the same length of time as other liens provided for in this chapter."

It will be observed that it is alleged in the petition that the plaintiff "furnished said material to the said defendant A. C. Winan for the erection of said house on and between October 10, 1887, and December 23, 1887, for the sum of $394.57 in the aggregate." It is also alleged that on the 7th of February, 1888, the necessary steps were taken to perfect a mechanic's lien. It is not directly alleged that the material so furnished was used in the erection of the building. It is to be inferred, however, that it was so used. The meaning of the word "furnish," as defined by Webster, is "to fit up with anything needful." In effect, the allegation is that the defendant in error supplied the material set forth in the exhibit attached to the petition, in the erection of the house, and that it was so used. And the proof is clear that it was used in the erection of said building. But it is said that it is not alleged that Winan was the agent of Pomeroy, and, therefore, that he could not bind him by purchasing materials. The answer to this is that the lien of a material-man is not derived from the relation of agency between the contractor for the erection of the building and the owner, but from the fact the materials, or a portion of those used in the erection thereof, were furnished by him and used therein, and hence to the extent of the value of such materials he has contributed to the erection of the building. The law, therefore, gives him a lien upon the building, provided he takes the necessary steps to secure the same within sixty days. That appears to have been done in this case.

Some objection is made to the description of the land,

but no issue of this kind is tendered, and it will not be discussed. The petition is not a model by any means, but its provisions, if liberally construed as required by the Code, will support the judgment. The judgment of the court below is right and the former judgment is

ADHERED TO.

THE other judges concur.