CHARLES B. CONGDON ET AL., APPELLEES, V. NERIAH B. KENDALL ET AL., APPELLEES, AND E. P. ALLIS & COMPANY, APPELLANTS.

FILED JANUARY 3, 1898. No. 7604.

1. **Mechanics' Liens: MATERIALS: PLACE OF DELIVERY: TIME TO FILE CLAIM.** Under a contract to make certain machinery and deliver it "free on board of cars" at a designated place for a stipulated sum, the machinery is furnished, within the meaning of our mechanics' lien law, when it is delivered in accordance with the contract on board the cars at the place named, without expense to the purchaser; and to obtain a lien therefor, the claim for a lien must be filed within four months from that time. (*King v. Ship-Building Co.*, 50 O. St. 320.)

2. ——: ——: ——: ——. The time for so perfecting the lien cannot be extended by the manufacturer supplying gratuitously certain brushes in place of defective ones previously furnished and charged for.

APPEAL from the district court of Lancaster county. Tried below before STRODE, J. *Affirmed.*

*Ames & Pettis*, for appellants.

References: *Merriam v. Hartford & N. H. R. Co.*, 20 Conn.

354; *Packard v. Getman*, 6 Cow. [N. Y.] 757; *Buckman v. Levi*, 3 Camp. [Eng.] 414; *Frith v. Barker*, 2 Johns. [N. Y.] 327; *Foster v. Dohle*, 17 Neb. 631; *Marriner v. Paxton*, 17 Neb. 634; *Irish v. Pheby*, 28 Neb. 231; *Weir v. Barnes*, 38 Neb. 875; *Pond Machine Tool Co. v. Robinson*, 37 N. W. Rep. [Minn.] 99; *McIntyre v. Trautner*, 63 Cal. 429; *Hubbard v. Brown*, 90 Mass. 590; *Watts-Campbell Co. v. Youngling*, 125 N. Y. 1; *Badger Lumber Co. v. Mayes*, 38 Neb. 830.

*Ricketts & Wilson* and *S. L. Geisthardt*, contra.

NORVAL, J.

Kendall & Smith being the owners of a flouring mill at Woodlawn, this state, on May 10, 1893, executed a mortgage thereon to C. B. Congdon & Co. to secure a sum of money certain. Prior to the making of the mortgage Edward P. Allis & Co. furnished Kendall & Smith machinery for the reparation and reconstruction of said mill, and subsequently a claim for a mechanic's lien was filed in the office of the register of deeds of Lancaster county. The decree was entered in the court below foreclosing the mortgage. The court refused Allis & Co. a mechanic's lien upon the ground that the claim for the lien was not filed within four months from the furnishing of the machinery. The sole contest in this court is between Congdon & Co. and Allis & Co., and if the claim of the latter for a mechanic's lien was not filed within the statutory period, the decree should be affirmed; otherwise it should be reversed.

In November, 1892, Allis & Co., manufacturers of mill machinery at Milwaukee, Wisconsin, entered into a contract with Kendall & Smith, under which the machinery in question was furnished. The contract contained, among other things, the following provision: "The foregoing list of items comprises all that we are to furnish to you delivered free on board cars, at our shop in Milwaukee, Wis., for the sum of five thousand five hundred dollars," etc. There is in the record testimony tending

to show, and the trial court found, that the last portion of the machinery was delivered by Allis &. Co. on board of cars, at their shops, to the Chicago & Northwestern Railway Company in Milwaukee on January 21, 1893. The machinery reached Woodlawn on the first day of the following month and was placed in the mill. The claim for a lien was not filed until May 23, 1893.

It is argued by appellants that the machinery was not delivered on board the cars to the railway company until January 23, 1893. The evidence discloses that the cars were loaded and placed in the hands of the carrier by Allis & Co. on Saturday, January 21, and the railway company on the same day executed and delivered to the consignors receipts for the goods. It is true the bills of lading for two of the cars bear date of January 23, 1893, from which fact it is argued that the machinery was not furnished until that time. The loaded cars were in the actual charge of the carrier on January 21, received by it for the purpose of forwarding and delivering the goods at the place of destination. The title passed to Kendall & Smith on said date, since the delivery to the carrier was delivery to the vendees. This is the effect of the decision in *Union P. R. Co. v. Metcalf*, 50 Neb. 452, where it was held that a consignor was not entitled to sue a carrier for a failure to deliver goods in the absence of an averment that he was the owner of the goods, was liable for their loss or had sustained special damages. (*McKee v. Bainter*, 52 Neb. 604.)

In *Swanke v. McCarty*, 51 N. W. Rep. [Wis.] 92, the court uses this language: "Indeed, it is elementary that, where the vendor is bound to send the goods to the purchaser, delivery to a common carrier is a delivery to the purchaser himself, the carrier being, in contemplation of law in such cases, the bailee of the person to whom, not by whom, the goods are sent, the latter, when employing the carrier, being regarded as the agent of the former for that purpose." While the decisions upon the subject are not in accord, the weight of the authority sustains the

proposition contained in the foregoing quotation, where there is no agreement to deliver the goods to vendee at place of destination. (Benjamin, Sales, secs. 181, 693; *Kelsea v. Ramsey*, 26 Atl. Rep. [N. J.] 907; *Leggett v. Collier*, 56 N. W. Rep. [Ia.] 417; *Barr v. Borthwick*, 25 Pac. Rep. [Ore.] 360; *Sarbecker v. State*, 65 Wis. 174; 21 Am. & Eng. Ency. Law 497, 499, 529; *Kessler v. Smith*, 44 N. W. Rep. [Minn.] 794; *Sullivan v. Sullivan*, 70 Mich. 583; *Falvey v. Richmond*, 13 S. E. Rep. [Ga.] 261; *Bacharach v. Chester Freight Line*, 19 Atl. Rep. [Pa.] 409.) Had the agreement of the manufacturers been to deliver the machinery free on board cars at Woodlawn, a different rule might obtain.

The claim of Allis & Co. for a mechanic's lien was not filed within four months from the delivery of the machinery to the carrier, but was filed within that period from the arrival at Woodlawn. The question is presented whether, within the meaning of the mechanic's lien law, the machinery was furnished as of the date of its delivery to the carrier. Upon principle we do not see how it can be otherwise. Allis & Co., under the contract with Kendall & Smith, had nothing to do with the machinery after its delivery for shipment on board of cars in Milwaukee, and it is plain that the title to the property vested in the vendees immediately upon such delivery to the transportation company. The legal effect is precisely the same as if Kendall & Smith had personally received the machinery from Allis & Co. at their shop in Milwaukee, in which case there could be no doubt that, as between the vendors and vendees, the machinery would be regarded as furnished on the day of its delivery in Milwaukee, for the purpose of fixing the time within which the lien of the manufacturers should be filed. Of course, no mechanic's lien attaches where the materials for which the lien is claimed do not enter into the improvement. As between a lienor and a subsequent purchaser of the premises, or mortgagee in good faith, the time when the materials are delivered upon the premises

would be regarded the time when the lien attached. (*Badger Lumber Co. v. Mayes,* 38 Neb. 830.) The question here is whether Allis & Co. are entitled to a lien upon the property as against Kendall & Smith. If no such right to a lien exists it is patent there is no priority of liens to be adjudicated.

In *Great Western Mfg. Co. v. Hunter Bros.,* 15 Neb. 32, this court decided that the delivery of machinery to a common carrier in Kansas, to be used in a building in Nebraska, was the furnishing and delivery of such machinery within the meaning of our mechanics' lien law. (See *Mallory v. La Crosse Abattoir Co.,* 80 Wis. 170;· *Thompson v. St. Paul City R. Co.,* 45 Minn. 13; *Fagan & Osgood v. Boyle Ice Mach. Co.,* 65 Tex. 324.)

The precise question here involved was decided by the supreme court of Ohio in *King v. Cleveland Ship Building Co.,* 50 O. St. 320. The statute of that state is similar to our own. A mechanic's lien was claimed for an engine built by the vendor and delivered on board the cars at Cleveland for shipment to the purchaser at Middleport, under a contract requiring the vendor to deliver the engine "f. o. b." cars in Cleveland. The validity of the lien was contested on the ground that it was not perfected within four months from the time the engine was delivered on the cars ready for shipment. It was decided that when the delivery on the cars was complete the engine was furnished within the purview of the statute, and the claim for lien must be filed within four months from that time, or the right to a lien will be lost.

The case of *Pond Machine & Tool Co. v. Robinson,* 37 N. W. Rep. [Minn.] 99, is not in point because the question here involved was not decided.

In the case at bar Allis & Co. agreed to construct the machinery and deliver the same free of expense on board of the cars at Milwaukee. They fully complied with the contract and furnished the machinery within the contemplation of the statute the moment the delivery on the cars was complete, and the time in which to perfect the lien commenced to run from that date.

It was disclosed that after the machinery was set up in the mill certain brushes furnished under the contract proved to be defective and Allis & Co. supplied others in lieu thereof without additional charge or cost to Kendall & Smith. It is urged that the furnishing of these brushes extended the period for perfecting the lien. The articles mentioned were furnished gratuitously for the purpose of making good their contract, and did not operate to extend the time for filing the lien. (*Woman's Association v. Harrison*, 120 Pa. St. 28; *Harrison v. Woman's Association*, 19 Atl. Rep. [Pa.] 804; *McKelvey v. Jarvis*, 87 Pa. St. 414; *King v. Cleveland Ship Building Co.*, 50 O. St. 320.) The decree refusing Allis & Co. a lien is

AFFIRMED.

