JEREMIAH H. COOLEY, APPELLANT, V. THOMAS D. RAFTER ET AL., APPELLEES.

FILED NOVEMBER 21, 1907.   No. 14,991.

Appeal: CONFLICTING EVIDENCE: FINDINGS. When the evidence in the district court consists of oral testimony which is in sharp and irreconcilable conflict, and the conclusion derivable therefrom is dependent in part upon inferences from circumstances, some of which are in dispute, and in part upon the weight and credibility of testimony to be determined from the degree of competency of the witnesses, their opportunity for knowledge and the apparent clearness of their recollection, and the reasons therefor, the findings of the trial judge will be considered in determining the issues in this court.

APPEAL from the district court for Thayer county: LESLIE G. HURD, JUDGE. Affirmed.

M. H. Weiss, J. T. McCuistion and Berge, Morning & Ledwith, for appellant.

C. L. Richards and T. C. Marshall, contra.

AMES, C.

This is an action to foreclose a mechanic's lien for lumber and materials alleged to have been furnished by the

plaintiff, a retail dealer in such articles, to the defendant for the building of a house upon grounds of the latter. The amount claimed in the petition is $844.62, which is not disputed, but the answer alleges, in substance, that the lumber and materials were furnished pursuant to an oral contract by which the plaintiff undertook to provide the same and construct the defendant's house for a total cost or price of $850, upon which defendant had paid the sum of $354.24, leaving a remainder due plaintiff of $555.76, and no more, for which latter sum and costs of suit defendant offered to confess judgment. The reply is a general denial. There was a trial to a jury, resulting in a disagreement, and a second trial to the court without a jury, followed by a finding of the issues of fact in favor of the defendant and a judgment for the plaintiff for $495.76. The plaintiff appealed.

Counsel agree that the trial court committed no reversible error of law, and that the only subject of controversy is the correctness of the finding of the issue of fact whether the plaintiff agreed simply to furnish lumber and material for the building of the defendant's house, or whether he agreed to construct the house for a specified sum, furnishing the lumber and material necessary therefor. It is admitted, too, that the evidence upon this issue consists wholly of oral testimony offered before the trial judge, which is in sharp and irreconcilable conflict, and that the conclusion derivable therefrom is dependent in part upon inferences from circumstances, some of which are in dispute, and in part upon the weight and credibility of testimony to be determined from the degree of competency of the witnesses, their opportunities for knowledge, the apparent clearness of their recollection, and the reasons therefor. We think the rules laid down by this court for its guidance in such cases in *Faulkner v. Simms*, 68 Neb. 299, as well as in subsequent cases decided under the present statute, are sound and indispensable to the due administration of justice. The trial judge, who knows the parties and who personally presided over the examination

of the witnesses and observed their demeanor, is far more competent, in most cases, to weigh their testimony and deduce correct conclusions therefrom than can this court be, having before it nothing more than an unresponsive written record. The findings of the trial court in such cases will be considered in determining the issues in this court. The whole evidence, however, will be examined, and the issues determined anew.

These findings are supported by the evidence, and we therefore recommend that the judgment of the district court be affirmed.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.