GEORGE W. ASHFORD, APPELLEE, v. IOWA & MINNESOTA LUMBER COMPANY, APPELLANT.

FILED APRIL 23, 1908.   No. 15,133.

1. **Mechanic's Lien:** TIME FOR FILING. A subcontractor whose only agreement is with the contractor cannot extend the time within which he may file a mechanic's lien, by donating material to the owner of the building nor by substituting proper material for defective lumber theretofore furnished the contractor.

2. ————: SUBCONTRACTOR. A subcontractor who furnishes materials for a building, and whose compact is with the contractor alone, cannot acquire a lien under the statute for material that was neither used in the construction of said building, nor delivered on the premises for such use.

3. ————: PRESUMPTIONS. Where more than 60 days intervene between the items of an account used by a subcontractor as the basis for a mechanic's lien, it will be presumed that those items were furnished under separate contracts.

4. ————: FRAUDULENT ACTS. A small amount of labor performed, or material furnished without the request of the owner of the building, after he has unconditionally accepted said structure, and under circumstances indicating bad faith on the part of the material man and the contractor, will not support a mechanic's lien.

5. **Appeal:** HARMLESS ERROR. This court will not reverse or modify a decree for a possible error of 10 cents therein.

6. **Evidence** in this case examined, and *held* to justify the findings of the trial court.

39

APPEAL from the district court for Dakota county: GUY T. GRAVES, JUDGE. *Affirmed.*

*J. C. Robinson, J. V. Pearson* and *Joy & Burton,* for appellant.

*Sullivan & Griffin* and *William P. Warner, contra.*

ROOT, C.

July 19, 1904, defendant Wiseman agreed in writing to furnish the materials and construct a dwelling house in Homer for plaintiff. Wiseman made an estimate of the lumber necessary for said building, and purchased it from defendant Iowa & Minnesota Lumber Company, an Iowa corporation doing business in Sioux City, some 15 miles distant from Homer. The general manager of said corporation, acting for it, signed as surety a bond wherein Wiseman agreed to pay for all material used in, and the laborers employed on, said building. The venture was a disastrous one for Wiseman, and the defendant lumber company and other material men filed liens against said building. Plaintiff had in his possession at the commencement of this action $670 of the contract price for the building, and requests herein that the equities of all parties be adjusted by the court, putting all lienors on proof as to the validity of their claims, offers to pay the money due Wiseman on the contract to whomsoever the court may direct, and requests that the lumber company be held on its said bond. The lumber company defended against the bond as an *ultra vires* act, and in its cross-petition claimed a lien for the material furnished Wiseman. After a protracted trial the district court held that the lien of defendant lumber company had not been filed within 60 days of the furnishing of the last material to Wiseman, and was void, and further ordered the distribution of the money in plaintiff's hands among the other defendants herein. The appeal is prosecuted by the lum-

ber company only, and we will hereafter refer to it as the defendant.

Section 7101, Ann. St. 1907, provides that the verified claim of a subcontractor shall be filed with the register of deeds "within sixty days from the performing of such labor or furnishing such material, machinery, or fixtures." The lumber was charged to Wiseman July 12, and was shipped from Sioux City to Homer on the 13th, 16th and 18th days of July, and the 7th and 22d days of September. The verified statement for a lien was filed December 23, and its validity depends upon any one of three items charged therein, to wit, November 7, cypress lumber, $3.75; November 18, 36 feet of plate rail, $4.95, or December 21, 10 cents' worth of plaster.

Concerning the cypress lumber, a dispute arose between plaintiff and Wiseman as to whether the proper material had been used in a cupboard constructed in the building, and the architect, who according to the contract was the arbiter, held with plaintiff. The lumber company's manager said that to settle the dispute he would donate the material, and we are satisfied from a consideration of the evidence, and find therefrom, that said material was not furnished Wiseman on his contract to construct said building, but was a donation pure and simple to replace material not in conformity with the specifications in the contract between Wiseman and plaintiff. Whether the donation was to plaintiff or to Wiseman, it did not extend the time within which the lien might be filed. *Congdon v. Kendall,* 53 Neb. 282; *Harrison & Bro. v. Homœopathic Ass'n,* 134 Pa. St. 558; *Woodruff v. Hovey,* 91 Me. 116; *Hartley v. Richardson,* 91 Me. 424; *King v. Ship Building Co.,* 50 Ohio St. 320; *Schaub & Sons Co. v. Frieze,* 107 Mo. App. 553, 81 S. W. 1174. Defendant cites *Minneapolis Trust Co. v. Great N. R. Co.,* 74 Minn. 30, and if that case is held to be authority it will sustain its contention. We have carefully considered the case, and conclude that to adopt the views of the Minnesota court as controlling in this case would necessitate discrediting our

opinion in *Congdon v. Kendall, supra,* and that we are not prepared to do.

The plate rail charged November 18 was never delivered on the premises or used in the construction of plaintiff's building, but entered into the construction of a dwelling built in Homer by Wiseman for a Mr. Ryan. The evidence does not bring the defendant within any of the exceptions suggested by Mr. Justice MAXWELL in *Foster v. Dohle,* 17 Neb. 631, and *Marrener v. Paxton,* 17 Neb. 634, and therefore, as to the item of the plate rail charged November 18, 1904, defendant is not entitled to a lien. *Pomeroy v. White Lake Lumber Co.,* 33 Neb. 243; *Weir & Co. v. Barnes,* 38 Neb. 875; *North v. Globe Fence Co.,* 144 Mich. 557; *Roebling Sons Co. v. Bear Valley Irrigation Co.,* 99 Cal. 488; *Stimson Mill Co. v. Los Angeles T. Co.,* 141 Cal. 30; *McGarry v. Averill,* 50 Kan. 362, 34 Am. St. Rep. 121.

The 10 cents' worth of plaster is charged more than 60 days after the next preceding item, and the presumption therefore exists that it was furnished by virtue of a separate contract between Wiseman and defendant. *Buchanan v. Selden,* 43 Neb. 561; *Central Loan & Trust Co. v. O'Sullivan,* 44 Neb. 834; *Hansen v. Kinney,* 46 Neb. 207. We do not find that this presumption was overcome by the evidence. Plaintiff Wiseman, defendant's manager and the architect had examined the house the day before Thanksgiving, and had accepted it, waiving any little deficiencies therein. December 15 all parties in interest had a settlement in Sioux City, and then and there agreed upon the balance due upon the contract and for extras. Defendant's manager, the contractor and a mechanic came from Sioux City December 21, and, by some means, gained access to the house in plaintiff's absence, repaired some small flaws in the plaster, and returned home without notifying plaintiff, and he did not, for some time thereafter, know that they had used said plaster in his building. The defendant had not theretofore furnished any plaster for the building, nor do we

find from a consideration of the evidence that plaster was included in any agreement between the contractor and defendant. We are of opinion that Wiseman and defendant expected to acquire an undue advantage over plaintiff by this voluntary and insignificant repair, that the material was not furnished in good faith, and that the trial court was warranted in rejecting this item as not furnished under the July agreement.

Defendant cites *Bankers Building & Loan Ass'n v. Williams,* 4 Neb. (Unof.) 795. In that case the work was done in conformity with the terms of the contract, and had been delayed to accommodate the owner, and the contest was between the assignee of the contractor on the one hand and the owner on the other. The instant case comes well within the exceptions noted by Mr. Commissioner BARNES in his opinion in that case. In the instant case the defendant had not agreed with Ashford to furnish any material, and the plaster did not round out a contractual obligation, as did the work of Briggs in *Bankers Building & Loan Ass'n v. Williams, supra.* We do not think that in a case of this magnitude there should be a reversal, or a judgment entered here, for a ten-cent lien, but that if we should find the trial court erred to the extent of 10 cents in its decree the doctrine of *de minimis non curat lex* should apply. *United States Express Co. v. Anthony,* 5 Kan. 490; *Palmer v. Degan,* 58 Minn. 505; *London & N. W. A. M. Co. v. Gibson,* 77 Minn. 394; *Burlington & M. R. R. Co. v. Lancaster County,* 15 Neb. 252.

Upon some of the issues the evidence is in sharp and irreconcilable conflict, and the findings of the district court thereon are entitled to, and have been given, some, but not controlling, weight. *Faulkner v. Simms,* 68 Neb. 295; *Cooley v. Rafter,* 80 Neb. 181; *Wetherell v. Adams,* 80 Neb. 584. It is not necessary to determine, and we do not decide, the status of the bond referred to in this cause.

Upon the entire record, we are satisfied that the judg-

ment of the district court should be approved, and we therefore recommend that it be affirmed.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.