MARTIN SWANSON, APPELLANT, v. JOHN H. JAMES ET AL., APPELLEES.

FILED JUNE 4, 1908.   No. 15,180.

Specific Performance: RELINQUISHMENT BY VENDEE. A vendee in a contract for the sale of real estate, who voluntarily in writing relinquishes his rights therein, and thereafter leases the land from his former vendor, thereby abdicates his rights under the first contract, and cannot thereafter maintain an action for a specific performance thereof.

APPEAL from the district court for Greeley county: JAMES R. HANNA, JUDGE. *Affirmed.*

*T. J. Howard* and *J. R. Swain*, for appellant.

*G. W. Scott* and *W. F. Critchfield*, contra.

ROOT, C.

In 1901 defendants, who are father and daughter, owned a quarter section of land in Greeley county, the legal title whereof was in the daughter. In October of said year Mrs. Adams agreed in writing to sell said land to plaintiff for the consideration of $1,600. One hundred dollars was paid down, $100 was to be paid on or before December 31, 1902, and $100 within one year thereafter, with 7 per cent. annual interest on the unpaid principal in each of said years. Upon the payment of the $300 the vendor was to execute a deed for the land, and the vendee a mortgage thereon, to close the transaction. Time was made of the essence of the contract, and it was agreed therein that the vendee should forfeit all payments by him made in case of his default, and that the right of possession should

thereupon vest in the vendor.  In February, 1905, plaintiff, at defendant James' request, surrendered his contract to Mrs. Adams, and relinquished all of his estate in said land. James had received all payments made on the contract, and transacted all negotiations with plaintiff in regard thereto.  Within six weeks of said relinquishment, James, who had acquired the legal title to the farm, rented it to plaintiff for one year, each party to said transaction joining in a written lease therefor.  Within a few days of the expiration of said lease this action was instituted, for the alleged reasons that James had secured said relinquishment and had procured plaintiff to sign said lease by fraud and false representations.  Plaintiff alleged that he was not in default on said contract of sale, but that it was still in full force, and prayed for its specific performance.

The farm was not plaintiff's homestead, and, if the issue of fraud was properly determined in defendants' favor, plaintiff was not entitled to a decree, and much of the argument and many of the authorities cited by counsel need not be considered.  Plaintiff testified to a state of facts, which, if true, would warrant the court in ignoring the relinquishment and holding the contract of sale to be in force.  Defendant James in his testimony flatly contradicted plaintiff, and we must search the record for corroboration of the one or the other to ascertain in whose favor the balance of evidence inclines.  The wife, daughter and son of plaintiff testified to his statements, made under such conditions as to possibly bring them within the *res gestæ of* the transaction, and therefore competent evidence, and those declarations tend to support plaintiff's theory of the transaction.  On the other hand, plaintiff was in default on the contract.  According to its terms he should have paid before the date of said relinquishment, principal and interest, $594, besides executing his note and a mortgage for $1,300.  Giving him the benefit of every reasonable doubt in the evidence, we cannot say that he had paid more than $364, nor had he paid the taxes upon the farm according to the contract.  He had other transactions

with James, and seems to have been very slow pay; and James' statement that in February, 1905, he insisted that plaintiff should either pay up the arrears on or abrogate said contract seems reasonable. Furthermore, plaintiff signed the relinquishment in an attorney's office, and a few days thereafter, in connection with James, dictated to the same lawyer the terms of a lease for said land, which he signed. Plaintiff also delivered to defendant one-third of the crop grown on said land for 1905, and it was neither measured nor weighed. Plaintiff and all of his witnesses denied that the instrument which was produced duly signed by him, and with his written relinquishment upon the back thereof, was the contract under which he took possession of the land, or the document which had been in his custody for some three years. Those witnesses were clearly mistaken, and this fact tends to cast some doubt upon the strength of all of their testimony. Plaintiff can read and write the Swedish tongue, and can sign his name in, but cannot read, the English language; and we, therefore, have carefully read and reread every syllable of the evidence adduced, and after mature consideration we do not find that it preponderates in his favor, nor that he has established a condition that will warrant a decree for a specific performance of his contract. We have not been controlled by, but we have considered, the better opportunity that the trial court had to weigh and give proper effect to the oral evidence in this case. *Cooley v. Rafter,* 80 Neb. 181.

Plaintiff, by executing the relinquishment and leasing the land, divested himself of all right to have the contract specifically enforced, and we recommend that the judgment of the district court be affirmed.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.