Cady Lumber Co. v. Reed.

---

H. F. CADY LUMBER COMPANY, APPELLANT, V. GEORGE E. REED ET AL., APPELLEES.

FILED NOVEMBER 28, 1911.     No. 16,548.

1. Appeal: PRESUMPTIONS. In the absence of a bill of exceptions, it will be presumed that an issue of fact raised by the pleadings received support from the evidence, and that such issue was correctly determined.

2. Mechanics' Liens: TIME FOR FILING. A subcontractor whose only agreement is with the contractor cannot extend the time within which he may file a mechanic's lien by substituting proper material for defective material theretofore furnished and charged to the contractor. *Ashford v. Iowa & Minnesota Lumber Co.*, 81 Neb. 561.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Baldrige, De Bord & Fradenburg,* for appellant.

*W. W. Slabaugh, William F. Wappich* and *L. R. Slonecker, contra.*

BARNES, J.

Appeal from a judgment of the district court for Douglas county in an action to foreclose a mechanic's lien upon a house and lot situated in the city of Omaha. The case is here without any bill of exceptions, and has been submitted upon a transcript which contains the pleadings, findings, and judgment of the trial court.

It appears that in the spring of 1908 one Andrew J. Johnson, as contractor, and George E. Reed, the owner, entered into a contract for the erection of a dwelling upon the lot in question. The appellant, H. F. Cady Lumber Company, sold and delivered the material for the erection of the building to the contractor, and after its completion filed in the office of the register of deeds of Douglas county a statement to obtain a lien for the balance alleged to be due from the contractor for such materials, amounting to $393.34. It sufficiently appears from the record that the last item of material furnished to the contractor, except the one which is now in question, was delivered to him on the 15th day of October, 1908.

The district court made the following findings: "First. The court finds that on the 21st day of December, 1908, the plaintiff made an account in writing of the items set forth in said petition, and after having made oath thereto filed the same in the office of the register of deeds, Douglas county, Nebraska, and the same is duly recorded therein as a claim of mechanic's lien upon the premises hereinbefore described.

"Second. The court finds that the first item of material delivered by the said plaintiff as aforesaid was furnished at said premises for said improvement on June 4, 1908, and the several items mentioned in said petition were furnished at said premises by the said plaintiff on the

respective dates named in the petition and in said mechanic's lien.

"Third. The court finds, however, that the item 'Nov. 6th, 3 lights glass 36 by 40½ D. S. and box,' for which a charge of $3.23 is made in said lien and petition, was furnished by the said plaintiff, H. F. Cady Lumber Company, on the order and demand of the said Andrew J. Johnson, who was the contractor for the construction of the said improvements under and by virtue of a contract between the said Johnson, contractor, and the said George E. Reed, owner of said premises, and that in the matter of furnishing of said materials the said H. F. Cady Lumber Company was a subcontractor of the said Andrew J. Johnson, principal contractor. The court further finds that the said George E. Reed, demanded that the contractor, Johnson, should furnish said three lights of glass upon the original contract between the said Reed and Johnson for the erection of said building, and the court finds that the defendant, Johnson, in compliance with the demand of said Reed, demanded the same of plaintiff, and the plaintiff in compliance with the order of said Johnson furnished the same. The court further finds that the said three lights of glass were demanded by the said Reed and ordered by the said Johnson to take the place of three (other) lights of glass 36 by 40 inches on the claim made by said Reed that the original lights 36 by 40 inches did not fit the sashes which had been installed in said building, and the court finds that the three lights as originally installed were defective and did not fit the sashes. The court further finds that on November 18, 1908, the said contractor, Johnson, installed said three lights of glass furnished and delivered by the plaintiff on November 6, into three sashes then forming a part of said improvement, and the said Johnson took out from said three sashes the original three lights 36 by 40 inches. The court finds that the three lights furnished and delivered on November 6 were to take the place of the three lights furnished some months

before by H. F. Cady Lumber Company, for which said three lights a charge was made by plaintiff company, and plaintiff took back said defective lights.

"The court further finds that under the law the plaintiff is not entitled to a lien upon said premises."

The court thereupon rendered a judgment for the plaintiff and against the contractor, Andrew J. Johnson, for $394.74 and costs, and dismissed the action against the defendant Reed to foreclose the alleged mechanic's lien. From that judgment, as above stated, the plaintiff has appealed.

In the absence of the bill of exceptions, it will be presumed that the evidence supports the findings of the trial court, and all other facts which could have been legally proved under the pleadings.

It is contended by the appellant that upon the findings above set forth the district court should have rendered a judgment foreclosing the mechanic's lien. It is argued that the plaintiff had 60 days from and after the 6th day of November, 1908, at which time the lights of glass above mentioned were furnished, in which to file and perfect its mechanic's lien, that the lights of glass were items furnished in pursuance of the original contract; while, on the other hand, it is contended that the lights of glass were simply substituted for those which had been previously furnished and installed in the building at a time long prior to the 6th day of November. The court so found, and upon that finding held, as a matter of law, that the plaintiff's alleged lien was not filed in time, and therefore never became a lien upon the lot in question.

The authorities upon this question in other jurisdictions are conflicting; but, whatever may be the rule in other states, we think this question has been settled by this court adversely to appellant's contention. In *Congdon v. Kendall*, 53 Neb. 282, it was held that the time for perfecting a manufacturer's lien could not be extended by supplying certain brushes in place of defective ones previously furnished and charged for. In that case

it appeared that the defendant had ordered certain mill machinery from the plaintiff, which was to be furnished to them f. o. b. Milwaukee for a specified price; that the machinery was delivered to the defendant on board the cars at their shops in Milwaukee on the 21st day of January, 1893; that the claim for a lien was not filed until May 23, 1893. It also appeared that after the machinery was set up in the mill certain brushes furnished under the contract proved to be defective, and the plaintiff supplied others in lieu thereof without additional charge or cost to the defendants. It was urged that the furnishing of the brushes extended the period for perfecting the lien. It was held that the articles furnished were furnished gratuitously by the plaintiffs for the purpose of making good their contract, and therefore did not operate to extend the time for filing the lien.

In *Ashford v. Iowa & Minnesota Lumber Co.*, 81 Neb. 561, it was held that "a subcontractor whose only agreement is with the contractor cannot extend the time within which he may file a mechanic's lien by donating material to the owner of the building nor by substituting proper material for defective lumber theretofore furnished the contractor."

We are of opinion that the case at bar should be ruled by those decisions. The trial court found that the lights of glass furnished to the contractor on the 6th day of November, 1908, were furnished as a substitute for the defective lights of glass theretofore furnished and installed in the building, and that this did not operate to extend the time in which the appellant could file its mechanic's lien.

It seems clear that the judgment of the district court was right, and it is therefore

AFFIRMED.