FARLEY & LOETSCHER MANUFACTURING COMPANY, APPELLANT, V. METHODIST EPISCOPAL CHURCH ET AL., APPELLEES.

FILED MAY 8, 1924. No. 22747.

Mechanics' Liens: SUBCONTRACTORS. "A subcontractor who furnishes materials for a building, and whose contract is with the contractor alone, cannot acquire a lien under the statute for material that was neither used in the construction of said building, nor delivered on the premises for such use." *Ashford v. Iowa & Minnesota Lumber Co.,* 81 Neb. 561.

APPEAL from the district court for Dixon county: GUY
T. GRAVES, JUDGE. *Affirmed.*

*Kennedy, Holland, De Lacy & McLaughlin,* for appellant.

*A. R. Davis, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY and GOOD, JJ.,
and REDICK, District Judge.

DAY, J.

The plaintiff brought this action against the Methodist
Episcopal Church of Allen, Nebraska, and others, to fore-
close a mechanic's lien upon the church property. From a
decree in favor of the defendants, the plaintiff appeals.

It appears that on September 10, 1917, the board of trus-
tees of the church society entered into a contract with R.
G. Roberts, a contractor and builder, to furnish the mate-
rials and do the work in the construction of a church build-
ing for a sum named in the contract; said building to be
constructed in accordance with plans and specifications
adopted by the board of trustees. On the same day the
plaintiff entered into a contract with Roberts to furnish
the mill-work in the construction of the church building,
for the sum of $1,529. Pursuant to this contract the plain-
tiff shipped certain items of material to Roberts on Sep-
tember 26, 1917, February 13, 1918, February 27, 1918,
March 23, 1918, and October 9, 1918. The last shipment
contained two window frames, a box of glass and a few
window stops. The lien upon which the action is founded
was filed November 14, 1918, so that the shipment of Octo-
ber 9, 1918, becomes a controlling factor in the case. This
last shipment was sent by express, consigned to Roberts,
and arrived at Allen on October 11. Roberts refused to
accept the consignment, and later the material was sent
to Omaha by direction of the plaintiff. The record further
shows that no contractual relations existed between the
plaintiff and the church society or its board of trustees.

Our mechanics' lien law gives to a subcontractor the right

to a lien in cases falling within its terms, but requires such subcontractor to file his claim for a lien within 60 days from the furnishing of the last item of material, or the performing of the last labor. From the foregoing statement it is clear that, unless October 9, 1918, can be considered as the last date of furnishing material, the plaintiff's lien was not filed within the time prescribed by our statute.

The items of this last shipment were never delivered to Roberts, or to the church or its board of trustees. They were never delivered on the church premises, and in fact were never out of the possession of the express company. Under these facts the case falls clearly within the rule announced in *Ashford v. Iowa & Minnesota Lumber Co.*, 81 Neb. 561, wherein it was held: "A subcontractor who furnishes materials for a building, and whose contract is with the contractor alone, cannot acquire a lien under the statute for material that was neither used in the construction of said building, nor delivered on the premises for such use."

The record shows that Roberts had complied with the terms of his contract, and a full settlement was made with him by the board of trustees on August 22, 1918, without any knowledge that the plaintiff had not been paid.

From what has been said, it follows that the shipment of October 9, 1918, cannot be considered as a basis for the plaintiff's lien. The judgment of the district court was right, and it is

AFFIRMED.

Note—See Mechanics' Liens, 27 Cyc. p. 46.