THOMAS DAVIDSON, APPELLEE, v. RUSSELL W. SHIELDS ET AL., APPELLANTS.

FILED NOVEMBER 15, 1935. No. 29377.

*Stiner & Boslaugh* and *Lester R. Stiner,* for appellants.

*Tibbets, Canaday & Hewitt, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ.

DAY, J.

This is a suit to foreclose a mechanic's lien. The appeal is from a decree of foreclosure. The question presented here is whether or not the plaintiff filed the lien in time.

The plaintiff was the general contractor for the construction of an apartment house. The lien for the balance due on the contract price and extras was filed June 24, 1932. The general contractor must file with the proper officer a verified claim within four months from the date the last material is furnished or the last labor performed under the contract to perfect a mechanic's lien. Comp. St. 1929, sec. 52-103; *Pardue v. Missouri P. R. Co.*, 52 Neb. 201; *Nye & Schneider Co. v. Berger,* 52 Neb. 758.

The plaintiff claims that the last labor and material were furnished for this contract on April 22, 1932. On the other hand, the appellants insist that no labor and material were furnished on this contract after October 1, 1931. It is necessary for us to determine at the outset when the last material was furnished and the last labor was performed under the contract. The record reveals that the apartment building involved herein was turned over to the owner, and thereafter occupied by his tenants, about September 1, 1931. The heating plant was put in operation about October 1, 1931, and operated continuously thereafter. It is claimed by the plaintiff that two Trane air eliminators were installed about April 25, 1932; that these valves were a part of the standard equipment of the heating plant installed; that it was the custom to install other air valves, and put the Trane valves in after all dirt had been cleaned out after a period of operation. The pipes were cleaned in December, 1931, and, it was claimed, though denied by adverse testimony, again in January, 1932. Even the witnesses for plaintiff admit that the valves could have been installed after the January cleaning.

The owner did not know that the heating plant was not properly and completely installed. He did not know that the valves were changed. Only one competent witness, a plumber employed by the subcontractor, testified that the valves were changed. He testified that he made the change in the presence of the janitor. The janitor denied that the change was made in his presence and testified that the same kind of valves were there at all times. It is a difficult

question of fact to determine. We are not impressed that the plaintiff has sustained the burden of proof resting upon him on this question. Of course, if these valves were not installed as claimed, the plaintiff did not perfect his lien in time.

But assuming, for the purposes of this case, that these valves were changed, such fact does not extend the time for filing a mechanic's lien. It is claimed by plaintiff that these Trane air eliminators were required by the contract. The contract relative to the heating plant is rather indefinite and is not capable of such strict construction. The plant operated, and no complaint was made by the owner. He did not know that it was not completely and properly installed. He did not know about these valves. The owner, the contractor, the heating and plumbing subcontractor, and the materialman had a conference wherein payment of the balance due or security was demanded of the owner in March, 1932. Negotiations were had for a settlement of a completed contract. Some trouble arose concerning these negotiations, but the completion of the contract was never questioned by any one. The testimony of plaintiff's witnesses is that these valves might have been properly installed in January. The failure to install them at that time was the equivalent to the installation of defective material.

It is the rule that a contractor cannot extend the time for filing a mechanic's lien by substituting proper material for defective material, previously furnished and charged to the owner. *Ashford v. Iowa & Minnesota Lumber Co.*, 81 Neb. 561; *Cady Lumber Co. v. Reed,* 90 Neb. 293.

It follows, therefore, that the decree of foreclosure was improper and should have been denied.

REVERSED AND DISMISSED.