JAC LOFHOLM ET AL., APPELLEES, V. ELMER STOLTENBERG, DOING BUSINESS AS STOLTENBERG CABINET SHOP, APPELLANT, IMPLEADED WITH HOPPE LUMBER COMPANY, A CORPORATION, ET AL., APPELLEES.

133 N. W. 2d 387

Filed February 19, 1965. No. 35828.

McDermott & Burr, for appellant.

Harold A. Prince and Richard L. DeBacker, for appellees Lofholm.

James I. Shamburg, for appellees Hoppe Lumber Co. et al.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

CARTER, J.

This is a suit to quiet title to a lot, upon which a new home had been constructed, as against seven mechanic's lien holders. The trial court determined the validity of the mechanic's liens and held in part that the claim of lien by Elmer Stoltenberg, doing business as Stoltenberg Cabinet Shop, was void. Stoltenberg is the only defendant who has appealed.

The evidence shows that Stoltenberg filed a mechanic's lien in the amount of $2,214.87 in the office of the register of deeds in Hall County on May 12, 1961. It is the contention of the plaintiffs that the mechanic's lien was not filed within 3 months after the completion of the work, as required by section 52-102, R. R. S. 1943, and that the purported mechanic's lien is therefore void.

The plaintiffs are the owners of the lot described in the petition. They entered into a contract with Leo Wissing to construct a house and garage thereon. Work was commenced in May or June 1960. They moved into the house on January 27, 1961.

Plaintiffs were in the place of business operated by Stoltenberg on at least three occasions prior to January 1, 1961, for the purpose of selecting certain equipment and materials to be used in the construction of the house. Delivery of such equipment and materials selected by them was to be made on the order of Wissing as it was needed. All other equipment and materials used were ordered by the general contractor, Wissing, or his employees.

A large number of sales tickets are attached to the claim of lien filed by Stoltenberg. Most of these sales tickets were dated prior to February 12, 1961, the same being 3 months prior to the date the claimed lien was filed. Three of the sales tickets were not dated and the evidence will not sustain a finding that the materials listed thereon were delivered to the premises and used in the construction of the house after February 12, 1961. The sales slips relied upon to prove that the claim of lien was filed within 3 months after the delivery of the goods to the property site are designated as Nos. 1055, 1074, 1262, 1286, 3465, and 3229. The nonconsecutive, numerical order of the numbers on the sales slips appears to have no relation to the time of the sale or the time of the alleged delivery or use of the materials described in them.

The two sales slips numbered 3465 and 3229 appear to be for ceramic tile used in repairing a defect in construction, where a bathtub did not properly set up against the wall of the bathroom. Wissing testified that it was the repair of a defect which was no part of the construction of the home. A contractor cannot extend the time for filing a mechanic's lien by substituting proper material for defective material previously furnished and

charged to the owner. Davidson v. Shields, 129 Neb. 877, 263 N. W. 490; Cady Lumber Co. v. Reed, 90 Neb. 293, 133 N. W. 424; Congdon v. Kendall, 53 Neb. 282, 73 N. W. 659. It would appear, therefore, that materials sold to Wissing in the instant case, to be used in repairing defects after the completion of the house, are the subject of a new and separate contract between Wissing and Stoltenberg, and may not operate to extend the time for filing a mechanic's lien.

The remaining four sales slips, dated subsequent to February 12, 1961, pose a different question. On each of these sales slips, Stoltenberg testified as follows: "Q. * * * did that go to the Lofholm construction? A. Yes." There is no proof as to the time when the materials were delivered to the premises, unless it can be inferred from the date on the sales slip. On this question the evidence shows that Lofholms moved into the residence on January 27, 1961. They and Wissing all testify that the house was then completed except for a few minor things such as the covering of cabinet tops with vinyl tile and the installation of eaves troughs and downspouts. They assert that none of the materials contained in these four sales tickets were installed in the house after they moved in. The evidence shows that Wissing, who ordered these materials, priced at a total amount of $45.24, was constructing two other houses and repairing one of his own during the period he was building the Lofholm residence. There is no evidence as to the time these materials were delivered to the Lofholm property and, in addition thereto, the evidence of the Lofholms shows that they were not delivered or used in the construction after January 27, 1961, the date they occupied the house. The evidence of Stoltenberg is deficient in establishing that the materials were delivered to the premises and used on or after February 12, 1961.

The testimony of the owners that they moved into the newly constructed home on January 27, 1961, and that none of the materials furnished by Stoltenberg were

used in the building after that date, makes a prima facie case that the mechanic's lien filed by Stoltenberg on May 12, 1961, was void and a cloud on plaintiffs' title. The burden of proof then was upon Stoltenberg to establish the validity of his claim of lien.

The burden of proof is upon one claiming a mechanic's lien to show that the material furnished by him was used in the construction of the building, or that he delivered the material to the construction site under an agreement with the building contractor that it would be used in the construction of the building on which the lien is sought. Rosebud Lumber & Coal Co. v. Holms, 155 Neb. 459, 52 N. W. 2d 313. The burden of proof is also upon the claimant of a mechanic's lien to show that the claim of lien was filed within 3 months from the furnishing of such material, as provided by section 52-102, R. R. S. 1943.

The evidence of Stoltenberg does not show that any of the materials were delivered and used within 3 months prior to the filing of the lien. The owners deny that any of such materials were delivered or used after January 27, 1961, the date they occupied the home. We necessarily find, as did the trial court, that the claim of lien was filed more than 3 months after the furnishing of the materials used in the construction of the home, if they were so used, and the mechanic's lien is therefore void. The judgment of the trial court is correct and it is affirmed.

AFFIRMED.