ELMER STOLTENBERG, DOING BUSINESS AS STOLTENBERG CABINET SHOP, ET AL., APPELLEES, V. STEPHEN F. CAFFREY ET AL., APPELLANTS, IMPLEADED WITH THE EQUITABLE BUILDING & LOAN ASSOCIATION, A CORPORATION, ET AL., APPELLEES.

141 N. W. 2d 458

Filed April 8, 1966.    No. 36156.

Wagoner & Grimminger, for appellants.

Richard L. DeBacker, for appellee Johnson Cashway Lumber Co.

Kelly & Kelly, for appellee Herman.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and KUNS, District Judge.

CARTER, J.

This action was commenced by three mechanic's lienholders to foreclose their liens on Lot 22, Block 1, Knickrehm's Fourth Addition to the City of Grand Island, Hall County, Nebraska, belonging to the defendants Stephen F. Caffrey and Maxine D. Caffrey as joint tenants. In addition to the owners, eight lienholders were also made parties defendant. The Johnson Cashway Lumber Company, a corporation, and Albert A. Herman, doing business as Herman Plumbing Company, filed answers and cross-petitions. By their cross-petitions the two answering defendants prayed for the foreclosure of mechanic's liens claimed by them. After trial the district court rendered judgment for Johnson Cashway Lumber Company for $2,654.94 and interest, and for Herman Plumbing Company for $1,382.26 and interest. From these two judgments the defendants Caffrey appeal.

On June 14, 1960, the defendants Caffrey entered into a contract with Leo G. Wissing, a general construction contractor, for the construction of a home, the general contractor to furnish all labor and materials in accordance with written specifications. Wissing purchased materials from Johnson Cashway Lumber Company in the amount of $2,654.94 for which he did not pay. On May 16, 1961, Johnson Cashway Lumber Company filed a mechanic's lien on the property. By its cross-petition in this action it seeks a foreclosure of the mechanic's lien.

It is the contention of the Caffreys that the mechanic's lien was not filed within 3 months after the completion of the work, as required by section 52-102, R. R. S. 1943, and that the purported lien is therefore not enforcible. As the mechanic's lien was filed for record on May 16, 1961, the work should have been completed by February 16, 1961, to bring the lien within the statute.

Materials were first purchased for the new residence on August 1, 1960. The last item is shown as February 27, 1961. It is contended by the Caffreys that they moved into the new home on February 2, 1961, and that it was wholly completed at that time. This raises the issue as to whether or not charges made after February 16, 1961, were for materials used in the construction of the home and sufficient to bring the date of May 16, 1961, within the 3-month period from the completion of the work, as the statute requires.

The following invoices are in question: No. 3658 for $0.62, dated February 17, 1961, signed by Clyde Buhrman; No. 3991 for $3 dated February 22, 1961, signed by Clyde Buhrman; No. 3934 for $12.90, dated February 22, 1961, signed by Leo Wissing; No. 4001 for $2.40, dated February 22, 1961, signed by Leo Wissing; No. 4097 for $17.14, dated February 23, 1961, signed by Clyde Buhrman; No. 4073 for $12.15, dated February 23, 1961; signed by Leo Wissing; No. 4111 for $3.28, dated February 23, 1961, signed by Clyde Buhrman; and No. 4333 for $1.78, dated February 27, 1961, signed by Conrad Buhrman.

The materials listed in the foregoing invoices were sold to Leo G. Wissing, the general contractor, and were picked up and signed for at the Johnson Cashway Lumber Company place of business by Wissing or his two employees Clyde Buhrman and Conrad Buhrman. The only information the Johnson Cashway Lumber Company had that the materials were for the Caffrey house were furnished by the persons ordering and taking the material from the lumber yard. There is no evidence by anyone, including that of Wissing, that these materials were delivered to the premises or used in the construction of the Caffrey residence.

Stephen F. Caffrey testified that he entered into the contract for the construction of the house with Wissing on June 14, 1960; that he watched the construction of the house closely; and that he moved into the completed

house on February 2, 1961. He said that everything was completed except for some plumbing and painting in which Johnson Cashway Lumber Company was not involved. Invoice No. 3991 shows the purchase of 50 metal siding corners. These were in place and painted when the first coat of paint was applied in December 1960. Invoice No. 3934 shows a charge for 3 roof louvers. The evidence shows that these were in place on the roof when the Caffreys moved into the house on February 2, 1961. Invoice No. 4097 shows the purchase of board lumber and coving. The evidence shows that no board lumber was used in the home after February 2, 1961, and that the coving was in the basement and ready for installation on that date. Invoice No. 4073 shows a charge for 3 door jambs. The evidence shows that all doors were hung and in place on February 2, 1961, complete with door jambs. Other questioned invoices were for nails and small items that could be used generally and could not be identified as used in the Caffrey house.

The evidence shows that Wissing was engaged in constructing more than one house during the period here in question. No witness was able to say that the materials purchased by Wissing after February 16, 1961, were delivered to the premises or used in the construction of the home. The testimony of the Caffreys and their witnesses refutes any implications that it was so used. The trial court was in error in sustaining the mechanic's lien. It was filed out of time and is not enforcible.

Albert H. Herman, doing business as Herman Plumbing Company, claims a mechanic's lien for materials furnished and labor performed. The evidence shows that Herman entered into a contract with Wissing, the general contractor, to furnish the plumbing materials and perform the labor of installing the plumbing fixtures in the Caffrey home. He alleges he performed his contract and, not being paid therefor, filed a mechanic's lien on May 23, 1961.

The general contract was entered into on June 14,

1960. The contract provided that Wissing would install one 40-gallon water heater guaranteed for 10 years and rough-in for a basement stool without fixtures. In the subcontract between Herman and Wissing it was provided that Herman would install a 30-gallon water heater and the rough-in for the basement stool without fixtures was not mentioned.

Herman began furnishing materials and labor on October 24, 1960. The last item was furnished on April 4, 1961. The lien was filed on May 23, 1961. Consequently, the work should have been completed on or after February 23, 1961, if the mechanic's lien was filed within the time provided by section 52-102, R. R. S. 1943. The last work performed prior to April 4, 1961, was on February 4, 1961. Herman testified that the plumbing work was completed in accordance with his contract with Wissing on February 4, 1961.

The Caffreys moved into their new home on February 2, 1961. A few days thereafter Maxine Caffrey called Herman's attention to the fact that the water heater was a 30-gallon instead of a 40-gallon one and that the roughing-in for a basement stool had not been done. Herman told her he would talk to Wissing about it, since it was not required by his contract, which he did. Wissing directed him to put in a 40-gallon water heater and to rough-in the basement stool. On April 4, 1961, Herman roughed-in the basement stool and made a charge of $43.69 therefor, and installed a 40-gallon water heater in place of the 30-gallon one and made a charge of $15 for the larger heater. It is contended that the doing of this work and the furnishing of the materials has the effect of extending the time for filing the mechanic's lien under the subcontract with Wissing.

It is clear from the evidence that Herman had completed the work and furnished the materials under his subcontract on February 4, 1961. The materials furnished and work performed on April 4, 1961, were pursuant to a new agreement between Herman and Wissing

on matters not within the original contract.

The applicable rule is: "The mechanics' lien law does not enable a materialman or laborer to tack one contract to another by filing one statement which secures a lien for material and labor furnished under one contract, and at the same time secure a lien for material and labor under another contract as to which he has not complied with the statute." Patterson v. Spelts Lumber Co., 166 Neb. 692, 90 N. W. 2d 283. See, also, Rivett Lumber & Coal Co. v. Linder, 113 Neb. 567, 204 N. W. 77.

"Materials furnished a contractor for the purpose of replacing defective material previously furnished, or correcting construction defects, are the subject of a new and separate contract between the contractor and subcontractor, and do not operate to extend the time for filing a mechanic's lien." Lofholm v. Stoltenberg, 178 Neb. 318, 133 N. W. 2d 387. See, also, Davidson v. Shields, 129 Neb. 877, 263 N. W. 490.

Herman completed the work and furnished the materials on his subcontract with Wissing on February 4, 1961. He had until May 4, 1961, to file his claim of lien. This he did not do and his claim of lien therefor cannot be sustained. His claim of lien for materials furnished and labor performed on April 4, 1961, in the amount of $58.69 is valid, and a decree of foreclosure should be entered for that amount.

The judgment of Johnson Cashway Lumber Company is reversed and the cause remanded with directions to dismiss its cross-petition. The judgment of Herman Plumbing Company is reversed and the cause remanded with directions to foreclose its claim of lien in the amount to $58.69 only.

REVERSED AND REMANDED WITH DIRECTIONS.